**Kenneth E. TILLEY, Respondent/Appellant,**

v.

**STATE of Missouri, Appellant/Respondent.**

**Nos. 44214, 44239.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 24, 1981.

John Ashcroft, Atty. Gen., Kristie Green and Nancy J. Appelquist, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., St. Louis, for appellant/respondent.

---

1. An instruction on self defense was submitted to the jury.

Lawrence J. Permuter, Clayton, for respondent/appellant.

CRIST, Judge.

We have consolidated the appeals by the State of Missouri and movant from the circuit court's order entered on movant's Rule 27.26 motion for post-conviction relief. The order is affirmed.

Movant was convicted by a jury in 1977 of attempted robbery in the first degree and armed criminal action, and sentenced as a repeat offender to serve consecutive terms of ten and fifteen years' imprisonment. The judgment was affirmed in *State v. Tilley*, 569 S.W.2d 346 (Mo.App.1978).

The circuit court judge who heard the Rule 27.26 motion vacated on double jeopardy grounds movant's fifteen year sentence on his armed criminal action conviction. The State appeals from that part of the order, but the same arguments it makes here were repudiated by the Supreme Court in *State v. Haggard*, 619 S.W.2d 44, 48–51 (Mo. banc 1981). That concludes the matter in this court.

The circuit judge upheld, however, movant's ten year sentence on his attempted robbery in the first degree conviction. It is from that part of the order that movant appeals, contending here as he did below that he was denied effective assistance of counsel because his lawyer removed a police officer from the jury panel through a peremptory challenge rather than a motion to strike for cause.

*Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979) held that "[i]n order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, *and* that he was prejudiced thereby." (Emphasis added.) Defendant shows neither. He does not even suggest a factual basis nor have we found one in the record for connecting the use of the peremptory challenge to any absence of skill and diligence required of counsel. Nor are we aware of authority establishing such a connection as a matter of law. Therefore, in the absence of any proof, it is as likely that counsel's use of the peremptory challenge was among those myriad decisions deemed matters of strategy or judgment, which do not support a claim of ineffective assistance of counsel merely upon the unhappy event of turning out wrong. *See*, e.g., *Cole v. State*, 553 S.W.2d 877, 882 (Mo.App.1977).

It was the movant's burden to establish his claim of ineffective assistance of counsel by a preponderance of the evidence. Rule 27.26(f); *Crosswhite v. State*, 426 S.W.2d 67, 70 (Mo.1968). He failed to do so, and the circuit court's order overruling that facet of defendant's Rule 27.26 motion is not clearly erroneous. Rule 27.26(j).

The order is in all respects affirmed.

REINHARD, P. J., and SNYDER, J., concur.