**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Andre DAVIS, Defendant-Appellant.**

**No. 47776.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 18, 1984.
Application to Transfer
Denied Nov. 20, 1984.

Lew Anthony Kollias, Deputy Director, C.J. Larkin, Asst. Public Defender, Columbia, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant-appellant, Andre Davis, was jury tried and convicted of assault first degree by means of a deadly weapon. § 565.050 RSMo 1978. He was sentenced to serve a term of thirty years.

Defendant alleges the trial court erred in: (1) overruling defendant's motion for acquittal because there was insufficient evidence to sustain the conviction; and, (2) allowing into evidence a rifle which was in defendant's possession when arrested but was never connected with the crime.

■ The state's case was based on direct and circumstantial evidence. In reviewing the record we accept as true all evidence tending to prove appellant guilty together with all reasonable inferences supportive of the verdict. *State v. Brooks*, 618 S.W.2d 22, 23 (Mo. banc 1981). In a case based on circumstantial evidence, the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt and inconsistent with his innocence. *State v. Porter*, 640 S.W.2d 125, 127 (Mo. banc 1982). However, the circumstantial evidence need not be absolutely conclusive of guilt or demonstrate the impossibility of innocence. *State v. Morgan*, 592 S.W.2d 796, 805 (Mo. banc 1980). Our function is not to weigh the evidence but to determine whether there was sufficient evidence from which reasonable persons could find defendant guilty as charged. *State v. Kelly*, 539 S.W.2d 106, 109 (Mo. banc 1976).

■ The facts are as follows. On January 17, 1981, Kenneth Williams, the victim, entered the Gazabo Lounge on Thekla and Union in the City of St. Louis declaring he had been robbed and shot. He was taken to the hospital where he suffered a cardiac arrest with resultant brain damage. He remained in a coma for eleven months before he died. He was unable to make any statements about the crime. The hospital records indicated he was shot twice in the chest. A witness testified that as he was leaving a friend's house at the 5300 block of Geraldine Avenue on the day in question he saw three men standing on that street, one with his hands in the air. As he was calling the police he heard a shot fired. As a result of the call, several police officers converged on the scene. One of the officers saw a lone suspect, armed with a shotgun in the vicinity. Two unmarked police officers set up a watch in a nearby alley between Union and Geraldine. Shortly thereafter they arrested defendant and Darryl Gillespie. Defendant was carrying a rifle. Neither officer could tell if the gun had been fired recently. Both defendant and Gillespie were jointly charged with assault first degree.

A drop of blood, handkerchief, comb, keys and card case were seized in the front yard of 5322 Geraldine and later identified as property of the victim. The blood was analyzed and found to be of a type found in only 3% of the population. It matched the blood type of the victim. The same blood type was found on Gillespie's clothing and on money in Gillespie's possession at the time of the arrest.

Defendant's grandmother was in the hospital at the time of trial and testified by deposition. She stated that on the day in question, she, the victim, the defendant and Gillespie were drinking in her home. She said the victim was shot there. She testified that when she heard the shot she looked up and saw the defendant holding a gun. She said she guessed the defendant

had done the shooting but that she couldn't be sure because she hadn't actually seen it. She did not know what happened after this because she fled to the basement until everyone left. She did not call the police. However, five days later she gave a statement to the police. This evidence alone was sufficient to support the verdict.

The state's evidence supports a finding that there were two shootings, one in the grandmother's home and one on the street. First, testimony from defendant's grandmother indicates the defendant and Gillespie were together before the crime in the same room occupied by defendant's grandmother. Second, she heard a shot and immediately observed a gun in defendant's hand. Third, a witness testified he saw two men holding up a third man and heard a shot. Fourth, soon thereafter a police officer observed a suspect with a rifle or shotgun in the vicinity of Geraldine and Union. Fifth, two detectives spotted defendant and Gillespie in the area in an alley with defendant carrying a rifle where both were arrested. Sixth, the rare blood type of the victim was analyzed to be the same as the blood found on Gillespie's clothing and money in his possession.

The direct evidence on the first shooting and the circumstantial evidence of the second, together with all reasonable inferences, was sufficient to sustain the verdict. Appellant's first point is denied.

Defendant's second point on appeal contends the trial court committed plain error in allowing into evidence a rifle the defendant was carrying when arrested because the rifle was never linked to the crime. Since the defense failed to object at trial to the admission of the rifle we review for plain error. Rule 30.20. The defendant bears the burden of proving that the alleged error amounted to manifest injustice. *State v. Berry,* 609 S.W.2d 948, 953 (Mo. banc 1980).

Defendant argues the rifle "lacked any probative value, serving only to arouse the passion and prejudice of the jury. Also the prejudice was enhanced

since it was proof of a separate crime for which defendant was not on trial." The fact the defendant was in possession of a lethal weapon at or near the time the crime was committed and the circumstances surrounding the arrest is probative. Weapons may be received as proof of a crime if sufficiently connected to the defendant or the crime charged, but the identification of the weapon associated with the case need not be positive, absolute, certain or wholly unqualified. *State v. Johnson,* 539 S.W.2d 493, 515–17 (Mo.App.1976). Further, the trial court has discretion whether to admit or exclude demonstrative evidence. *State v. Murphy,* 592 S.W.2d 727, 730 (Mo. banc 1979). We find no abuse of discretion.

Thus the admission into evidence was relevant to the crime charged and within the discretion of the trial court.

Affirmed.

REINHARD, C.J., and CRANDALL, J., concur.