THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD PETER VILT, Defendant-Appellant.

Third District    Nos. 3—83—0127, 3—85—0079 cons.

Opinion filed December 20, 1985.—Rehearing denied February 7, 1986.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Donald Peter Vilt, on July 29, 1980, was charged by indictment with two counts of deviate sexual assault and single counts of rape and aggravated kidnaping. The victim of these offenses was 17-year-old Theresa Peeler. These charges alleged various sex offenses committed against the victim, and as to the kidnaping charge, the aggravation consisted of a completed rape.

Prior to the trial of the defendant, the State filed a motion *in limine* wherein it was asked that pursuant to the rape shield statute the defense be not permitted to elicit evidence of the prior sexual activity of the victim and further that the victim not be asked with whom she lived or had lived in the past. This motion was granted by the trial court. During cross-examination of the victim, the State claimed a violation of the motion *in limine* when counsel for the defendant inquired of the defendant as to whom she had been living with in Valparaiso, Indiana. The victim responded with a person's name, and counsel for defendant asked whether that person was her boyfriend and further whether the victim had terminated previous employment in order to live with her boyfriend. The State moved for a mistrial, which the trial judge granted after terming defense counsel's questions as a "flagrant violation" of the *in limine* order and a viola-

tion of the rape shield statute.

Prior to a new trial, the defendant made a motion to dismiss the indictment, contending that the trial judge had improperly declared a mistrial and hence the second trial placed him in double jeopardy. This motion was denied on January 18, 1982.

The new trial commenced in September 1982. The jury returned verdicts finding the defendant not guilty of deviate sexual assault (fellatio) but guilty of contributing to the delinquency of a minor based on the fellatio count; guilty of deviate sexual assault and contributing to the delinquency of a minor based on an anal intercourse count; not guilty of rape but guilty of contributing to the delinquency of a minor based on having sexual intercourse with the victim, and not guilty of aggravated kidnaping.

The trial court vacated the conviction for deviate sexual assault (anal intercourse) and contributing to the delinquency-of-a-minor conviction. The defendant was sentenced to a term of 325 days of imprisonment and a fine of $900 on counts of contributing to the delinquency of a minor.

From this conviction and sentence imposed thereon the defendant appealed, which was docketed as No. 3—83—0127. The State appealed from the trial court's vacation of the conviction for deviate sexual assault, which resulted in a reversal of the trial court's order and a remand to the trial court for additional proceeding. (See *People v. Vilt* (1983), 119 Ill. App. 3d 832, 457 N.E.2d 136.) After remand and additional proceedings, the defendant on the conviction of deviate sexual assault was sentenced to a term of 15 years' imprisonment, said sentence to run concurrently with a 12-year sentence imposed on the defendant in another case, to-wit, Kankakee County circuit court case No. 80—CF—175, affirmed on appeal by order of this court on October 7, 1983, as case No. 82—550, *People v. Vilt* (1983), 118 Ill. App. 3d 1166 (Rule 23 order). From this conviction of deviate sexual assault and the sentence imposed thereon the defendant appeals in case No. 3—85—0079, which has been consolidated for determination with case No. 3—83—0127.

The acts of the defendant as established during his trial and from which these appeals stem are as follows.

Theresa Peeler, age 17, on April 17, 1980, went to a Job Service office in Kankakee. She was approached by the defendant, who advised her about the possibility of obtaining a job at the local Holiday Inn. She accepted the defendant's offer of a ride to the Inn in order to check on the availability of the job. She entered the defendant's light green truck, which had a florist sticker on the window. Evidence

would establish that the defendant was the proprietor of a commercial landscaping business.

The defendant drove toward Indiana with the explanation that he had to go out of his way in order to deliver a box. He ultimately stopped on a dirt road, restrained the victim Peeler, tied her hands with her belt and removed all of her clothing. He then compelled the victim to perform an act of oral sex upon him. He next ordered the victim to the rear of the truck, where he had anal sex with her. Evidence would establish that at this time another truck came by them. The victim, still bound, was made to "duck" as the other vehicle passed them. The defendant then proceeded to drive back to Kankakee and order the victim to perform another act of oral sex on him while he was driving. The defendant thereafter stopped the truck in a wooded area, ordered the victim to again go to the back of the truck, and after complying with the order, the defendant again had anal sex with the victim. Shortly thereafter the defendant had vaginal intercourse with the victim.

The defendant ultimately returned the victim to the Job Service office. The victim then drove home arriving there at about 6 p.m. Her father and three brothers were at the home, but she did not mention her experiences to them. She bathed and then called her mother in Indiana, who contacted the police.

After talking to the police, the victim was taken to a hospital. An examination disclosed that the victim had fresh bruises, scrapes, vaginal bruising and a bite mark on her breast. Medical personnel noted some non-functional tears in the rectum, and there was some indication of rectal bleeding.

The defendant was contacted by officers from the sheriff's office and he agreed to participate in a "lineup" for identification purposes. After such participation he was arrested and charged with the offenses which have heretofore been set forth.

Further recitation of evidence adduced at trial will be set forth as the same becomes pertinent to the determination of the issues raised in this appeal.

■ The defendant first asserts that his convictions should be reversed since they resulted from a second trial conducted in violation of the double jeopardy rule since there was no manifest necessity for the declaration of a mistrial in defendant's first trial on the charges.

We have heretofore set forth the action of the defense counsel which gave rise to this issue. The trial court determined that the violation of the *in limine* order concerning the rape shield statute was flagrant and of such seriousness as to dictate a declaration of mistrial.

A mistrial should be granted whenever there is a manifest necessity for the mistrial or the ends of justice would otherwise be defeated. (*Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066.) In *Somerville* the United States Supreme Court recognized that the granting of a mistrial is within the trial court's discretion and double jeopardy does not arise unless such discretion was abused. (410 U.S. 458, 461, 35 L. Ed. 2d 425, 429, 93 S. Ct. 1066, 1069.) A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial. *Illinois v. Somerville* (1973), 410 U.S. 458, 464, 35 L. Ed. 2d 425, 431, 93 S. Ct. 1066, 1070.

■ In the instant case the trial judge entered an order granting the State's motion for an order *in limine* in order to protect the victim's statutory rights by the rape shield statute. (Ill. Rev. Stat. 1979, ch. 38, par. 115—7.) Questions were propounded to the victim which the trial court termed, and correctly so, as a "flagrant violation" of the *in limine* order. The trial court did not act precipitously but permitted both parties to research the mistrial question and further entertained the attorneys' arguments on the matter. The trial court was aware of the procedure whereby an attempt to cure the tainted trial could have been made by giving cautionary instructions to the jury. Obviously, the court concluded that such instruction would not eliminate the prejudicial effect caused by the violation of the order *in limine*. The law recognizes that judges are not clairvoyant. A mistrial in the instant case may or may not have been necessary. However, the overriding interest in the even-handed administration of justice requires that a reviewing court accord the highest degree of respect to a trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by an improper line of questioning. *Arizona v. Washington* (1978), 434 U.S. 497, 54 L. Ed. 2d 717, 98 S. Ct. 824.

The interrogation of the victim by counsel for the defendant deprived the victim of rights guaranteed by statute, and hence we quarrel not with the court's declaration of a mistrial and further conclude that the retrial of the defendant did not subject him to double jeopardy.

The defendant further contends that he was not proved guilty beyond reasonable doubt of the offense of deviate sexual assault. The defendant attempts to support this contention primarily by an analysis of the verdicts returned by the jury. The jury found the defendant

not guilty of rape (sexual intercourse), not guilty of sexual assault (oral contact or fellatio), but did find him guilty of deviate sexual assault (anal intercourse). The jury also found defendant guilty of the included offenses of contributing to the sexual delinquency of a minor based upon rape and both types of deviate sexual assault.

The defendant admitted having anal intercourse with the victim Theresa Peeler but testified that such act was accomplished with the victim's consent and was not performed against her will. Stated otherwise, the defendant argues that the act of anal intercourse was not accomplished "by force or threat of force" which are the statutory elements of the offense. Ill. Rev. Stat. 1979, ch. 38, par. 11—3(a).

The defendant stresses the fact that the jury chose not to credit the testimony of the victim Theresa Peeler regarding the exertion of force for acts of fellatio and vaginal intercourse which preceded, separated and followed the acts of anal intercourse and hence such findings should give rise to skepticism and this court must look elsewhere for essential evidence which would support a finding of force.

■ Counsel for defendant during presentation of oral argument stressed the point that we are not confronted with an inconsistent verdict situation. We disagree, for it is clear that the guilty verdicts for deviate sexual assault (anal intercourse) and contributing to the sexual delinquency of a minor for committing the same acts are inconsistent. As previously noted, one verdict required the element of force or lack of consent while the other is based upon a consensual deviate sexual act with a minor.

It is well established that inconsistent verdicts do not *per se* result in their rejection. The question is whether they are so logically inconsistent as to cast doubt upon a complainant's credibility, thus showing that a defendant had not been found guilty beyond reasonable doubt. (*People v. Buford* (1982), 110 Ill. App. 3d 46, 441 N.E.2d 1235.) In *Buford,* we find a factual situation similar to that presented in the instant case. The defendant in *Buford* was convicted of rape and attempted violence but acquitted of deviate sexual assault, armed robbery and unlawful use of weapons. A question of inconsistency was presented in that the offenses charged had dissimilar elements. The reviewing court determined that the verdicts were not so logically inconsistent as to create an inference that there was reasonable doubt as to defendant's guilt. The reviewing court stated:

> "We also note that the verdict may have reflected the jury's belief that the conviction for rape and armed violence would provide sufficient punishment to the defendant, and that '[t]he jury's historic power of lenity must prevail *** over the

traditional doctrine concerning legally and logically inconsistent verdicts.' (*People v. Murray* (1975), 34 Ill. App. 3d 521, 536, 340 N.E.2d 186.)" *People v. Buford* (1983), 110 Ill. App. 3d 46, 56, 441 N.E.2d 1235, 1242.

One can speculate and arrive at many explanations as to why the jury in the instant case returned what appears to be logically inconsistent verdicts. However, this court will not engage in speculation as to the jury's reasoning. That it found defendant not guilty of rape (sexual intercourse) and not guilty of deviate sexual assault (fellatio) but guilty of sexual deviate assault (anal intercourse) and guilty of contributing on all offenses is strong indication that the jury concluded the victim did not resist enough except when the defendant attempted to and did commit the acts of anal intercourse.

The defendant would have this court reweigh the evidence and substitute our judgment for that of the jury with the proviso that we first put aside and not consider the victim's testimony. This we are not inclined to do. It is primarily the function of the jury to pass upon the credibility of witnesses and to determine the weight of the evidence. (*People v. O'Brien* (1979), 74 Ill. App. 3d 256, 392 N.E.2d 967.) A court of review will not set aside a finding of guilty unless the evidence is so palpably contrary to the findings or so unreasonable, improbable or unsatisfactory as to cause reasonable doubt as to defendant's guilt. (*People v. Payton* (1980), 84 Ill. App. 3d 181, 405 N.E.2d 18.) In the instant case, the victim after arriving home within a few hours set in motion the process which resulted in defendant's arrest. It is not disputed that the defendant used deception when he lured the victim into his vehicle. The defendant tied the victim's hands behind her back and removed her clothing. The defendant threatened reprisals against the victim should she call the police. Medical testimony established that the victim had fresh bruises on her back, knees, wrists and a bite mark on her left breast. The anus of the victim revealed two fissures (small tears) in the skin, and a small amount of blood was being exuded.

Confronted with such evidence we do not find merit in the defendant's contention that he was not found guilty beyond reasonable doubt for the deviate sexual assault on the anal intercourse charge.

The defendant further asserts that he was denied a fair trial in that the trial court permitted the introduction of other evidence of forcible sexual activity on his part and barred evidence of other consensual sexual activity.

The defendant filed a motion *in limine* seeking to bar the State from presenting evidence as to his sexual activity on July 2, 1980,

with Tami George, and with another woman on December 28, 1984. The trial court denied this motion on the *modus operandi* and common design exception to the rule barring other crime evidence.

Tami George, a young lady, testified that the defendant approached her at the Job Service Center in Kankakee. That the defendant offered her a job and insisted that she accompany him immediately or she would lose the job opportunity. That she entered a green truck (as did the victim in the instant case) and that she was driven to a rural area. That she was restrained from leaving the truck and was immobilized by having her hands tied behind her back. That defendant removed her clothing and forced her to perform acts of oral copulation. That the defendant had intercourse with her without her consent. That she was forced to kneel on her hands and knees and he had anal contact with her (not anal intercourse), after which he spanked her on the buttocks. As in the instant case, the defendant pulled Tami George's hair, causing pain.

Defendant's objection to the Tami George testimony was that there was no issue as to his identity, that the prejudicial effect of the testimony outweighed its probative value.

In closing argument to the jury the prosecutor argued that the testimony of Tami George was limited to the issues of the defendant's intent, motive, design and knowledge. The jury was also so instructed by the trial court.

Our supreme court has held that evidence of other offenses is admissible if it is relevant for any purpose other than to show the defendant's propensity to commit a crime. *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489; *People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821, *cert. denied* (1983), 464 U.S. 844, 78 L. Ed. 2d 136, 104 S. Ct. 145.

The defendant's actions with Tami George are strikingly similar with his actions with the victim in the instant case, and hence such evidence was admissible to prove *modus operandi*, intent and lack of consent to the defendant's sexual acts.

■ The defendant claims that the alleged error in admitting the testimony of Tami George could have been overcome or offset had the testimony of Carolyn Goetschel been permitted. Ms. Goetschel would have testified that she had consensually engaged in sexual activity with the defendant; however, when the defendant asked her to engage in bondage, she refused and the defendant did not employ force. Defendant argues that such testimony would have shown that he harbored "bondage fantasies" but that he would not press them upon an unwilling participant.

Apparently the testimony of Ms. Goetschel was designed to demonstrate that defendant's character was such that he would not force sexual activity upon a young lady. The character of a defendant is proved by evidence of general reputation and cannot be proved by isolated incidents. (*People v. Lyons* (1954), 4 Ill. 2d 396, 122 N.E.2d 809; *People v. Moretti* (1955), 6 Ill. 2d 494, 129 N.E.2d 709.) The trial court properly excluded the Goetschel testimony.

■■■ Lastly the defendant argues that the trial court erred in denying his request for statutory credit for time served. This issue resulted from the following scenario of events. In October 1982, defendant was found guilty of deviate sexual assault (anal intercourse) and three counts of contributing to the delinquency of a minor. Defendant was sentenced to 325 days of imprisonment on one of the contributing counts. The trial court refused to set appeal bond, and defendant began to serve and did serve the sentence in full.

In the interim the State appealed the trial court's order vacating the deviate sexual assault charge. This court reversed the trial court and ordered reinstatement of the charge. (*People v. Vilt* (1983), 119 Ill. App. 3d 832, 457 N.E.2d 136.) The mandate in this matter was issued on May 3, 1984.

On May 3, 1984, this court also issued its mandate in a related case. (*People v. Vilt* (1983), 118 Ill. App. 3d 1166 (Rule 23 order).) In this case the victim was Tami George, and concurrent terms of 12 years for deviate sexual assault and eight years for aggravated kidnaping were imposed. The defendant, who had been free on an appeal bond (in the Tami George case, No. 82—550), surrendered himself and began serving his sentence on May 9, 1984.

On January 23, 1985, the defendant was sentenced in the instant case to a term of 15 years of imprisonment on the deviate sexual assault conviction, and said sentence was to run concurrently with a 12-year sentence in a related case. The defendant was given credit for the 325-day sentence which he had previously served on the related misdemeanor (contributing) offense.

Despite a specific request, the defendant was not given credit for time served while awaiting sentencing, to-wit, from May 9, 1984, to January 23, 1985. Defendant claims that the trial court was in error when it denied his request.

In addressing this question we are guided by the statutory provisions of our Criminal Code of 1961 pertaining to sentencing. Both the defendant and the State cite section 5—8—7(b) of the Code which provides:

"The offender shall be given credit on the determinate sen-

tence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed ***." Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7(b).

Both defendant and the State cite cases in support of their respective views. The cases cited appear to express divergent views. This court, however, has addressed this issue in the case of *People v. Stuckey* (1981), 93 Ill. App. 3d 260, 417 N.E.2d 203. In *Stuckey* it was determined that the defendant was not entitled to statutory credit for time served under an unrelated conviction. In the instant case, from May 9, 1984, to January 23, 1985, the defendant was not in custody as a result of his conviction for deviate sexual assault against the victim Theresa Peeler, but was in custody as the result of the sentences imposed in the unrelated Tami George case.

Following this court's views expressed in the case of *Stuckey*, we conclude that the trial court did not err in denying defendant's request for credit for time served from May 9, 1984, to January 23, 1985.

For the reasons set forth, the defendant's convictions in cases No. 3—83—0127 and No. 3—85—0079 and the sentences imposed thereon by the circuit court of Kankakee County are affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.