**STATE of Missouri, Respondent,**

v.

**Jesse MOORE, Appellant.**

**No. 51281.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 4, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from conviction, after a jury trial, of three counts of sodomy of a child under the age of fourteen, § 566.060.3, RSMo (Cum.Supp.1984), and one count of trespass in the first degree, § 569.140, RSMo (1978). Defendant was charged with breaking down the door of an apartment on January 1, 1985, entering that apartment, and thrice sodomizing its sole occupant, an eight year old boy. The acts charged are anal sodomy of the child by the defendant, defendant forcing the child to perform oral sex on him, and defendant committing oral sex on the child. As a prior offender, defendant was sentenced to thirty years for each count of sodomy, those sentences to run consecutively; and a discharged sentence of one day for the trespass. We affirm.

Defendant raises three points on appeal: (1) as to the first count of sodomy, there was insufficient evidence to support a finding of actual contact between defendant's penis and the child's anus, (2) the medical history in the child's hospital record should have been excluded as hearsay, and (3) it was an abuse of discretion to allow the State, on redirect examination, to bring the child down from the witness stand to re-

peat his testimony while confronting the defendant.

In determining the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict. *State v. Meyer,* 694 S.W.2d 853, 855[1] (Mo.App. 1985). The child testified: "He [defendant] tried to force his penis up my behind." He also testified the defendant "told me to go wipe my behind ... [and] ... I did," from which the jury could infer there was contact. The child also used the term "behind" when he testified the defendant "told me to get up in his behind and I used a spoon." In addition to the testimony from the child, the emergency room physician who examined the child on January 1, 1985, testified there was an abnormal redness or "erythema around the anus." Defendant presented no evidence in his own behalf.

■ Defendant argues the evidence is insufficient to support a finding of anal sodomy, and in support of his contention he cites cases where there was evidence of rectal tears after anal sodomy. *People v. Vilt,* 139 Ill.App.3d 868, 94 Ill.Dec. 581, 488 N.E.2d 580 (1985); and *State v. Atkins,* 311 N.C. 272, 316 S.E.2d 306 (1984). In Missouri, penetration is not a required element of sodomy, thus the absence of rectal tearing is not dispositive. *State v. Holmes,* 654 S.W.2d 133, 135[1] (Mo.App.1983).

■ Defendant further argues there is no evidence his penis actually touched the child's anus, and not some other part of his "behind." He cites us to an Illinois opinion holding, testimony such as "in my butt," and his penis was along "my cheeks," did not establish penis to anus contact. *People v. Oliver,* 38 Ill.App.3d 166, 347 N.E.2d 865 (1976). The victim in *Oliver* was an adult presumably able to express herself; here, the use of the term "behind" by an eight year old child, both in reference to defendant's acts and his own acts, supports a finding that "behind" means anus.

■ The child's testimony, combined with the evidence of erythema, support a finding of contact "involving the genitals of one person and the ... anus of another

person" under § 566.010.1(2), RSMo (1978). Defendant's first point is denied.

Defendant's second claim of error concerns the admissibility of the medical record made when the child was taken to the emergency room on January 1, 1985. He asserts the trial court abused its discretion when, over his objection, the emergency room nurse was allowed to testify as to the medical history. The nurse's testimony consisted of a summary of what the child had told her concerning his encounter with the defendant, but did not include any mention of the defendant. She testified, in part, that the child said:

> [T]his person had placed his penis into his, the patient's rectum and wanted the patient to do the same to him ... the accused ... sucked his [child's] penis and wanted the same done to him and ... the patient reported to me that he had put a wooden handle spoon into the accused recutm [sic] and he said that he was asked to wipe himself well.

Defendant objects to the testimony as hearsay, hearsay that because it is incorporated in a medical record unduly corroborates the child's testimony and prejudices the defendant.

■ Medical records are admissible as business records. Section 490.660–490.690, RSMo (1978). Medical history necessary for diagnosis and treatment is encompassed within this hearsay exception. *Breeding v. Dodson Trailer Repair,* 679 S.W.2d 281, 285[3] (Mo. banc 1984). The physician who examined the child, testified the examination is, in part, tailored by the medical history related by the admitting nurse, and that the history affects the diagnosis and treatment. In *Breeding* the Missouri Supreme Court held hospital records containing a description of the car accident, as related by the plaintiff, admissible as information necessary for proper medical diagnosis. On more similar facts, "Allegedly assaulted by a black male 'young kid,' threatened with a knife ... put it to her throat. Vaginal intercourse only," read from the medical records by the records custodian was admissible as history essen-

tial for diagnosis and treatment. *State v. White*, 633 S.W.2d 173, 176[3] (Mo.App. 1982). Based upon the case law and upon the testimony of the examining physician, the nurse's recordation of the history, as given to her by the child and noted by her in the medical records, was necessary for examination, diagnosis and treatment.

However, even if the full history were not necessary for diagnosis its admission is not error if other evidence establishes the same facts. *State v. Zagorski*, 632 S.W.2d 475, 478 n. 2 [5] (Mo. banc 1982); *State v. Dickson*, 691 S.W.2d 334, 340–341[7] (Mo.App.1985). The child testified as to what occurred; his aunt testified as to what the child told her; and on cross-examination by the defendant's attorney, the sex crime child abuse section detective went over the specifics of the incident, as related to her by the child. There was ample other evidence of the sodomy, the admission of the history contained in the medical record was not an abuse of discretion.

Defendant's third allegation of error is the trial court abused its discretion in letting the child come down from the witness stand on redirect to give his testimony standing in front of the defendant. He asserts that this demonstration bolstered the child's credibility, aroused jury sympathy for the child, and hostility against himself. While we do not condone the prosecutor's actions, the trial court was in a superior position to judge the prejudicial nature of this evidence, *State v. Chaney*, 663 S.W.2d 279, 287[19] (Mo.App.1983), and the admission or exclusion of demonstrative evidence is within the discretion of the trial court. *State v. Davis*, 677 S.W.2d 370, 372[6] (Mo.App.1984); *State v. Walls*, 637 S.W.2d 812, 814[6] (Mo.App.1982).

Defendant cites us to numerous cases where courtroom dramatics have been found unduly prejudicial; our research has uncovered cases in which conduct, as potentially egregious, was held not to be reversible error. This demonstration took place during the State's redirect examination of the child. During cross-examination defendant's attorney, as was her job, made his testimony appear less credible. The prosecutor is allowed to bolster a witness' credibility after it has been attacked on cross-examination. *State v. Johns*, 679 S.W.2d 253, 266[26] (Mo. banc 1984). To bolster his testimony the prosecutor had the child face the defendant. There was no hysteria, no crying, no theatrics, or anything deemed prejudicial in light of the fact victim-witness was an eight year old child. *See State v. Olinghouse*, 605 S.W.2d 58, 71[18] (Mo. banc 1980); *State v. Johnson*, 485 S.W.2d 106, 117[21] (Mo.1972).

The thrust of defendant's objection to the demonstration is that the jury would necessarily feel if the child could repeat his story directly to the man he accuses of attacking him, then the child must be telling the truth. This demonstration satisfies the purpose of the Sixth Amendment's confrontation clause which is both to give defendant a chance to test the memory and shift the conscience of the witness, and to allow the jury to see the witness' demeanor and judge his story. *Mattox v. United States*, 156 U.S. 237, 242–243, 15 S.Ct. 337, 339, 39 L.Ed. 409 (1985). The jury, not this court, judges witness credibility. *State v. Williams*, 652 S.W.2d 102, 111[16] (Mo. banc 1983). Allowing the child to testify outside the witness box was not an abuse of discretion.

The judgment is affirmed.

DOWD, P.J., and REINHARD, J., concur.