THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES E. HUGHES, JR., Defendant-Appellant.

Third District   No. 3—87—0455

Opinion filed March 17, 1988.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Joan Scott, State's Attorney, of Lewistown (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

A jury convicted the defendant, James E. Hughes, Jr., of threatening a public official (Ill. Rev. Stat. 1985, ch. 38, par. 12—9). The defendant appeals, contesting certain prosecutorial statements made during closing arguments, the amount of credit he received for time served while awaiting trial, and the amount of his fine.

The general facts of the defendant's offense are not at issue. We will therefore only discuss those facts relevant to the issues raised on appeal.

The defendant first argues on appeal that he was denied his right to a fair trial due to the prosecutor's statements which lessened and misstated the State's burden of proof. Specifically, in his closing argument the prosecutor stated:

"The State has shown with clear and convincing evidence, witnesses, and testimony that the Defendant is guilty of the crime of threatening a public official; and I ask you to return a verdict that fairness demands and justice requires—a verdict finding the Defendant guilty."

Later, during his rebuttal, the prosecutor stated:

"It's been said many times that it's the burden of the People to prove the Defendant guilty beyond a reasonable doubt. We're not required to prove the Defendant guilty beyond all doubt; just a reasonable doubt. And that's been the burden of every prosecutor in every criminal case since this country was founded. It's up to you to determine what reasonable doubt is and whether that burden has been met.

\* \* \*

We have shown clear and convincing evidence that the Defendant is guilty of the crime of threatening a public official; and I ask you to sign your name to the form of verdict finding the Defendant guilty."

■■ ■ The term "reasonable doubt" should not be defined for a jury. (*People v. Eddington* (1984), 129 Ill. App. 3d 745, 473 N.E.2d 103.) Further, it is reversible error for the State to misstate its burden of proof. (*People v. Cole* (1980), 80 Ill. App. 3d 1105, 400 N.E.2d 931.) However, merely characterizing the State's burden as one which is "not unreasonable" and which is "met each and every day in courts" does not reduce the State's burden (*People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301); nor is characterizing the State's evidence as "uncontradicted" improper (94 Ill. 2d 514, 447 N.E.2d 301).

In the instant case, the State did not attempt to define reasonable doubt for the jury. In fact, the prosecutor specifically stated that the jurors would have to determine what "reasonable doubt" meant. Further, we find the prosecutor's statement that proof of guilt beyond a reasonable doubt has been "the burden of every prosecutor in every criminal case since this country was founded" even less intrusive into the jury's function than other statements which the supreme court has ruled were permissible. See *People v. Bryant* (1983), 94 Ill. 2d

514, 447 N.E.2d 301.

■ Regarding the State's use of the term "clear and convincing evidence," we find after examining the entire closing arguments that the prosecutor used the words only in their generic sense. Further, the jurors were repeatedly instructed on the proper burden of proof. Accordingly, while we doubt that the average layperson would even realize that "clear and convincing evidence" is a legal standard, we find that even if any of the jurors were cognizant of this standard, there was no confusion in the instant case as to the proper burden of proof.

■ The defendant's second argument on appeal is that the trial court erred in denying him an additional 121 days of sentence credit for time served while awaiting trial and sentencing.

Section 5—8—7(b) of the Unified Code of Corrections (the Code) provides:

> "The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed ***." Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b).

In the instant case, the defendant was in prison on a forgery conviction when he sent the threatening letters leading to the conviction before us. On January 28, 1987, while the defendant was still in prison for forgery, a warrant for his arrest on the threats charge was executed and bond was set. The defendant did not post bond. On May 22, 1987, the jury found the defendant guilty of threatening a public official. On May 29, 1987, he finished serving his forgery sentence, but was not released from prison due to his failure to post bond on the threats charge. On June 9, 1987, the trial court sentenced the defendant to three years of imprisonment for threatening a public official. The court awarded the defendant sentence credit for the time served after May 29, 1987. The defendant now contends that under section 5—8—7(b) of the Code, he is entitled to credit from January 28, 1987, the date of his arrest and failure to post bond.

The Fifth District Appellate Court recently decided a factually similar case in which a defendant was tried and convicted of perjury while serving prison sentences on unrelated offenses. (*People v. Powell* (1987), 160 Ill. App. 3d 689, 513 N.E.2d 1162.) The court held that defendant Powell was entitled to credit on the perjury sentence for all the time he served after being arrested on the perjury charge, even though his custody following the perjury arrest was served simultaneously with his prison sentences on the unrelated convictions.

The cases we have previously decided under section 5—8—7(b) are factually distinguishable from the instant case. However, in *People v. Stuckey* (1981), 93 Ill. App. 3d 260, 417 N.E.2d 203, we pronounced the general rule that section 5—8—7(b) applies only where the custody was the result of the offense for which the sentence was imposed. In so holding, we relied on *People v. Roberts* (1977), 47 Ill. App. 3d 524, 362 N.E.2d 106, in which the Fourth District considered a case where the defendant was imprisoned in another State on an unrelated conviction, when an Illinois detainer warrant was served on him for a second offense. The *Roberts* court ruled that he was not entitled to credit on the second conviction for the time when he was both in prison for the first conviction and being held on the warrant for the second offense. See also our decisions in *People v. Vilt* (1985), 139 Ill. App. 3d 868, 488 N.E.2d 580, and *People v. Hope* (1986), 142 Ill. App. 3d 171, 491 N.E.2d 785.

Having reexamined section 5—8—7(b) under the instant facts, we find from the plain language of the statute that the legislature only intended to ensure that defendants who cannot post bond or are not eligible for it serve no longer than their actual sentences. The legislature did not intend to provide defendants with a windfall by awarding them sentence credit for time served while awaiting trial where, independent of the charge at issue, they would have been in prison for a prior, unrelated conviction. Accordingly, we find that the trial court properly held here that the instant defendant was entitled to credit only for the time he served after he finished serving his first sentence.

■ The defendant's third argument on appeal is that the trial court erred in fining him $25 under the Violent Crime Victims Assistance Act (the Act) (Ill. Rev. Stat. 1985, ch. 70, par. 510). The defendant contends that the Act provides a $25 fine only for certain defined violent crimes and a $20 fine for any other felony or misdemeanor. Noting that his offense is not one of the defined violent crimes, he asks this court to reduce his fine to $20. The State agrees that the defendant's fine should be reduced to $20.

We have examined the Act and find that the defendant's position is correct. Accordingly, we modify his fine to $20.

The judgment of the circuit court of Fulton County is affirmed as modified.

Affirmed as modified.

HEIPLE and SCOTT, JJ., concur.