**Roy Dale FORSHEE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15755.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 28, 1988.

Motion for Rehearing or Transfer
Denied Jan. 17, 1989.

Application to Transfer Denied
Feb. 14, 1989.

Shawn R. McCarver, Flat River, for movant-appellant.

William L. Webster, Atty. Gen., and William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Movant Roy Dale Forshee was convicted following a jury trial of first degree robbery, § 569.020,[1] first degree burglary, § 569.160, and two counts of armed crimi-nal action, § 571.015. The trial court sentenced him to a total of seventy years on all four counts. The sentence was affirmed on appeal. *State v. Forshee*, 723 S.W.2d 480 (Mo.App.1986).

On January 17, 1985, movant filed a motion for post-conviction relief under former Rule 27.26.[2] After counsel was appointed, three amended motions under Rule 27.26 were filed with the last being on March 18, 1988.[3]

Following an evidentiary hearing on March 24, 1988, the court denied movant's motion and filed extensive findings of fact and conclusions of law. This appeal followed.

Movant raises three points on appeal. First, he argues that he was denied a fair and impartial jury because one of his peremptory strikes was used to remove a venireman that should have been stricken for cause. Second, movant argues that his defense counsel was ineffective in at least eight specific ways. Finally, he argues that his double jeopardy rights were violated when he was charged and convicted of two counts of armed criminal action based upon the same conduct.

The basic facts are that Forshee unlawfully entered the Pyatt home outside St. James, Missouri, with the intention to commit a robbery, and, that through the use of a handgun, he forcefully took the family jewelry and Mrs. Pyatt's wallet which contained some money. He then escaped in the Pyatt's truck. *State v. Forshee, supra*, at 481. Movant's primary theories of defense were impeachment of the victim's identification of movant and alibi. Due to the number of issues raised by the movant,

1. Unless otherwise indicated, all references to statutes are to RSMo 1986.

2. Unless otherwise indicated, all citations to rules are to Missouri Rules of Court (16th ed. 1985). Since "sentence [was] pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed." Rule 29.15(m), Missouri Rules of Court (19th ed. 1988).

3. Each amendment incorporated by reference all allegations of its predecessors. As a result, the pleading is redundant, disjointed and fails to comply with the requirements of Rule 55.05 requiring a "short and plain statement of the facts" and of Rule 27.26(c) requiring the motion to be "substantially in compliance with the form appended [to the rule]." However, the state did not object so we make no further mention of this obvious pleading deficiency.

other pertinent facts will be recited in addressing each point.

This court's review of a Rule 27.26 proceeding is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984); Rule 27.26(j). The findings, conclusions and judgment are clearly erroneous "only if upon review of the entire record presented the appellate court is left with a definite and firm belief that a mistake has been made." *Brown v. State*, 729 S.W.2d 54, 55 (Mo.App.1987). With these standards in mind, we turn to the points raised in the appellant's brief.

■ Each of the three points in movant's brief begins with the assertion that the court's decision denying relief to movant was clearly erroneous. None of movant's points make any assault on the extensive factual findings and legal conclusions filed by the court. If the findings of fact and conclusions of law are not clearly erroneous, the court was justified in denying relief. Movant's points relied on and argument are a rehash of selected questions of fact and law presented to the motion court. He is undaunted by that court's right to disbelieve his evidence and ignores the unfavorable findings of fact and conclusions of law. He recites facts and inferences therefrom as if found to be consistent with his theory of the case. Movant's forty-three pages of points and argument fail to even mention the factual findings or legal conclusions, much less wherein and why they are erroneous. *See* Rule 84.04(d). Allegations of error not properly briefed need not be considered on appeal. An appellate court has no duty to sift through the brief and the record to identify which factual findings and legal conclusions movant believes to be erroneous and to articulate them for the movant. *Turner v. State*, 669 S.W.2d 642, 644 (Mo.App.1984). We doubt that movant's points are sufficient to preserve any question for review. For now, however, we undertake a gratuitous review of the arguments presented.[4]

In his first point, the movant asserts that the motion court erred in failing to grant relief because he was denied his right to trial by a fair and impartial jury in that he was not given a full panel of qualified jurors prior to making his peremptory challenges. The factual support for the complaint is that a venireman holding a deputy sheriff's commission was not stricken for cause. The prospective juror, Kathleen Decker, had not served the sheriff in any capacity "at all for over seven years."

■ Improper jury selection is generally a trial error which should be raised as soon as it is discovered. If a defendant is allowed a right to review the jury selection in post-conviction proceedings, he could take his chances with an improperly selected jury, and upon failure to acquit, raise the issue in subsequent proceedings. *Benson v. State*, 611 S.W.2d 538, 542 (Mo.App. 1980). An improper jury selection process cannot be raised in post-conviction proceedings unless the movant has no knowledge of the improper process until after the trial. *Brown v. State, supra*, at 56. In this case, movant became aware of the alleged grounds for disqualification during voir dire, so this court cannot consider the issue in this proceeding.

In the alternative, movant argues that his counsel was ineffective in failing to challenge the venireman for cause. An associated claim is made in the fifth subpoint under the second point relied on. There movant argues that his attorney was ineffective in failing to conduct a complete and thorough voir dire. He cites a multitude of specific claims concerning questions asked certain prospective jurors and not asked of others.

■ In order to prevail on an ineffectiveness of counsel charge, appellant must show that his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would provide, and that he was prejudiced due to the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct.

---

**4.** After January 1, 1989, "allegations of error not briefed or not properly briefed *shall not* be considered...." (Emphasis added). Rule 84.-13(a), 747 S.W.2d (Missouri Cases) at XXX.

2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

■ Appellant points us to *Presley v. State,* 750 S.W.2d 602 (Mo.App.1988), in which this court found that when an attorney fails to challenge a venireman who admits bias against a defendant and that venireman is seated as a juror, the defendant is thereby denied the right to trial by jury and prejudice is presumed. *Id.* at 607. This case is different. Here there was no evidence and no finding by the motion court that Ms. Decker was biased. She stated during voir dire that her previous employment would not influence her against the defendant and that she could be fair and impartial. Unlike the facts in *Presley,* the venireman in this case did not actually serve on the jury. Accordingly, *Presley* is not dispositive.

Movant relies on *State v. Wraggs,* 512 S.W.2d 257 (Mo.App.1974), for the general rule that if a defendant is required to use a peremptory challenge to strike a juror that should have been stricken for cause, the defendant is entitled to a new trial. *Id.* at 258. The problem is that the movant fails to read further in *Wraggs.* The court stated that "affiliation or connection with law enforcement is, standing alone, not reason enough to sustain a challenge for cause. Consideration of the qualifications of a venireman involves a factual determination made only after noting the questions and answers elicited on voir dire and observing the demeanor of the prospective juror." *Id.* at 258–59 (citations omitted).

Another case overlooked by the movant addresses the precise question at issue. In *Tilley v. State,* 625 S.W.2d 254 (Mo.App. 1981), the appellant claimed that "he was denied effective assistance of counsel because his lawyer removed a police officer from the jury panel through a peremptory challenge rather than a motion to strike for cause." *Id.* at 255. The court held that "it is as likely that counsel's use of the peremptory challenge was among those myriad decisions deemed matters of strategy or judgment, which do not support a claim of ineffective assistance of counsel merely upon the unhappy event of turning out wrong." *Id.* Accordingly, defense counsel was not ineffective for using a peremptory challenge to remove Ms. Decker from the panel.

■ Throughout his entire argument under point one and point two regarding voir dire and jury selection, movant never shows how he was actually prejudiced. Neither the voir dire nor the evidence presented at the Rule 27.26 hearing shows that any juror was biased against Forshee. "[A] venireman's willingness and ability to follow the court's instructions renders him competent to serve on the jury." *Kenley v. State,* 759 S.W.2d 340, 352 (Mo.App. 1988). To be entitled to a presumption of prejudice resulting from defense counsel's ineffective assistance during the jury selection process, a post-conviction movant must show that a biased venireman ultimately served as a juror. *Presley v. State, supra,* at 607.

■ Movant does not claim any juror was shown to be actually biased but argues that more probing questions might have disclosed bias. The only jurors identified by movant that may have been biased were Fern Campbell and Franklin Ware, because they were acquainted with a deputy who testified in the case, and James Woodcock, who had done business with the prosecuting attorney's law firm. Each juror was specifically asked if these associations would affect their judgment. Each indicated they would not be affected by their associations. Movant's complaints about defense counsel's failure to strike Ms. Decker for cause and failure to ask more detailed questions of other veniremen are without merit.

■ We turn now to the remainder of movant's second point which consists of seven subpoints arguing ineffective assistance of counsel. Six subpoints make sundry complaints that counsel was ineffective in failing to present cumulative evidence, failing to object or take other action in response to comments made by the prosecutor and by a juror, and failing to require strict proof in identifying an exhibit which

had limited probative value for the state. The record and the findings of fact and conclusions of law reflect that counsel's conduct was within the broad range of professionally competent strategic choices or that the movant was not prejudiced by counsel's failure to act. *See Strickland v. Washington,* 466 U.S. at 690–92, 104 S.Ct. at 2066–67, 80 L.Ed.2d at 695–96. Extended discussion of the facts relating to each subpoint is unwarranted.

■ Movant's remaining subpoint under his second point relied on is that his attorney was ineffective in failing "to object to the trial court's finding that [he] was a prior and persistent offender despite the fact that the trial court did not find that the prior crimes were committed at different times." Movant's argument is based upon the fallacious assumption that § 558.016.3 requires the court to make a specific finding that the crimes were committed at different times. The statute does not make that requirement. Had defense counsel objected to the absence of the finding, the objection would have been without merit. The motion court was not clearly erroneous in finding that the evidence of prior convictions offered at trial showed the prior crimes were committed at different times, and the findings of the trial court were sufficient to justify movant's punishment as a persistent offender. Counsel cannot be faulted for failing to seek relief to which movant was not entitled. *Brayfield v. State,* 738 S.W.2d 579, 582 (Mo.App.1987).

■ Under his third point relied on, movant argues that the motion court's decision denying relief after his evidentiary hearing was clearly erroneous in that movant's rights under the double jeopardy provisions of the U.S. and Missouri Constitutions were violated when he was convicted of armed criminal action as to both the burglary and the robbery.

It is abundantly clear, and movant concedes, that it is no longer double jeopardy to charge a defendant with armed criminal action and the underlying felony supporting the armed criminal action charge. *See Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Movant's argument is that his double jeopardy rights were violated when he was convicted of an armed criminal action charge supported by the robbery and an armed criminal action charge supported by the burglary when the evidence presented by the state only supports one armed criminal action charge. In *State v. Cooper,* 712 S.W.2d 27 (Mo.App. 1986), the court was presented with the issue of two underlying felonies and two charges of armed criminal action. In that case, the court held that defendant was properly charged and convicted of two counts of armed criminal action because he employed a dangerous instrument to effectuate two separate and distinct felonies. *Id.* at 31–32. Therefore, the question presented is whether movant committed two separate and distinct felonies "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." § 571.015.

We first consider the armed criminal action charge with the underlying felony of robbery in the first degree. "A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he ... [i]s armed with a deadly weapon...." § 569.020.1(2). The evidence is quite overwhelming that movant committed the crime of robbery in the first degree "through the use" of a deadly weapon. Consequently, he is also guilty of the crime of armed criminal action supported by the robbery.

Movant contends that the crime of burglary was committed without the use, aid or assistance of the pistol, and therefore, the charge of armed criminal action supported by the burglary constitutes double jeopardy. A careful reading of the burglary statute shows that one of the methods of committing first degree burglary is when a person "knowingly enters unlawfully ... a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry ... [i]s armed with ... a deadly weapon." § 569.160.1(1). Consequently, one possible element of burglary in the first degree is being armed with a deadly weapon.

Someone "who commits any felony ... with ... [the] assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action." § 571.015. The words "assistance" and "aid" are synonymous, meaning help, succor, encouragement or an auxiliary. Black's Law Dictionary 63, 111 (5th ed. 1979). One who unlawfully enters an occupied dwelling with a pistol available to use in the event of resistance to the entry certainly has the "assistance or aid" of the weapon. The fortunate chance that the weapon is not exhibited or discharged in effectuating entry does not mean the offender is without the weapon's assistance. The evidence that movant had the aid and assistance of a pistol when he entered the Pyatt home was sufficient to convict him of a separate offense of armed criminal action supported by the burglary. Therefore, both charges of armed criminal action are supported by a separate and distinct felony, and movant's double jeopardy rights were not violated.

Because all of movant's points are without merit, the motion court's denial of his Rule 27.26 motion is affirmed.

CROW, P.J., and GREENE, J., concur.