THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANKLIN MURPHY, Defendant-Appellant.

Third District   No. 3—85—0686

Opinion filed September 8, 1986.

Pamela A. Peters, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

A jury convicted the defendant, Franklin Murphy, of aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(6)). The trial court then sentenced him to a five-year term of imprisonment to be served consecutive to the two sentences he was already serving. The defendant appeals.

On April 15, 1975, the defendant was sentenced to a 20- to 30-year indeterminate term for murder. On January 19, 1981, an inmate of the Department of Corrections was murdered. The defendant was convicted of conspiracy to commit murder for his part in that killing and, on March 21, 1984, received a five-year sentence to run consecutively to his murder sentence.

On March 24, 1981, the defendant stabbed a prison guard with a

pen. He was subsequently charged with aggravated battery. Following a fitness hearing, at which the defendant waived his right to have a jury, the trial court found the defendant fit to stand trial. The defendant's cause proceeded to a jury trial.

At trial, the defendant's defense was that he was insane at the time of the offense. In this regard, the defendant called as a witness psychiatrist Andrew Guschwan, who had evaluated the defendant in July of 1984. Dr. Guschwan testified regarding his opinion of the defendant's sanity and the opinions of other psychiatrists who had interviewed the defendant after the assault and upon whose reports Dr. Guschwan relied in forming his conclusions. Pursuant to an objection by the State, however, the doctor was barred from reciting the defendant's statements contained in the other psychiatrists' reports.

The jury found the defendant guilty of the offense of aggravated battery. At the sentencing hearing, the trial court held that section 5—8—4(f) of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(f)), required that the defendant's sentence for aggravated battery run consecutive to all of the defendant's sentences, including the conspiracy to commit murder sentence. The court then sentenced the defendant to five years in prison, consecutive to his conspiracy sentence.

The defendant first argues on appeal that the trial court erred in refusing to allow Dr. Guschwan to testify about the contents of psychiatric reports he relied on in arriving at his opinion. Specifically, he states that he should have been allowed to introduce into evidence, through Dr. Guschwan, the statements he made to the other psychiatrists who examined him but did not testify. We agree.

The State notes that in the instant case the defendant desired that Dr. Guschwan testify neither just about the statements the defendant made to him, nor only about the opinions of other experts, but about the statements the defendant made to third parties. The State argues that if that testimony had been allowed it would have been precluded not only from impeaching the defendant, but also from examining the psychiatrists who questioned the defendant and received his statements.

■ The testimony of a psychiatrist as to an accused's sanity may be based on medical or psychological reports prepared by others even when such reports are not admitted into evidence. (*People v. Ward* (1975), 61 Ill. 2d 559, 338 N.E.2d 171.) A psychiatrist should be allowed to reveal the contents of materials upon which he relied in order to explain the basis of his opinion. A nontreating psychiatrist may repeat on direct examination statements of the defendant which were

used to support his opinion. (*People v. Anderson* (1986), 113 Ill. 2d 1.) Statements made by a defendant to a psychiatrist are not hearsay because they are not offered for the truth of the matter asserted. *People v. Vanda* (1982), 111 Ill. App. 3d 551, 444 N.E.2d 609.

■ While we understand the State's concerns, we find that the liberal evidentiary rules set forth in *Anderson* mandate that such evidence be allowed. Our supreme court stated therein that "[a]bsent a full explanation of the expert's reasons, including underlying facts and opinions, the jury has no way of evaluating the expert testimony [citation] and is therefore faced with a 'meaningless conclusion' by the witness." (*People v. Anderson* (1986), 113 Ill. 2d 1, 11.) Accordingly, we find that the trial court erred in refusing to allow Dr. Guschwan to testify regarding the defendant's statements contained in the other psychiatrists' reports.

■ Second, the defendant argues on appeal that the trial court erred in ordering that the five-year term of imprisonment he received for his aggravated-battery conviction be consecutive to his conspiracy sentence.

In its ruling, the trial court expressly stated that it was relying upon section 5—8—4(f) of the Unified Code of Corrections, rather than upon section 5—8—4(b). (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—4(f), (b).) Section 5—8—4(f) provides in pertinent part:

"A sentence of an offender committed to the Department of Corrections at the time of the commission of the offense shall be served consecutive to the sentence under which he is held by the Department of Corrections." Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(f).

The trial court found that section 5—8—4(f)'s second use of the term "sentence" referred to "the entire sentence under which he's being held, being the one he's currently serving and the one he has to serve in the future." The defendant argues that "sentence" refers only to the sentence for which he is serving time when he commits the offense, in this case for murder. We agree with the court.

While we are aware of no cases deciding this issue, we first note that section 5—8—4(e) of the Code provides, in pertinent part:

"In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term ***." Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(e).

The single-term concept of section 5—8—4(e) bolsters our finding that the defendant's interpretation of section 5—8—4(f) would defeat

the legislature's intent. In making offenses committed by inmates mandatorily consecutive, the legislature expressly removed such cases from the general presumption for concurrent sentences set out in section 5—8—4(b) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(b)). The legislature apparently wanted to insure that inmates, by receiving consecutive sentences for offenses committed while in prison, could not, in effect, go unpunished for them. This is exactly what could happen under the defendant's interpretation.

In the instant case, the defendant was sentenced for his second and third offenses to five years each. Each of those sentences was imposed while the defendant was serving time for his initial conviction for murder. If the sentence on the third offense ran consecutively to the sentence on the first offense, as the defendant argues it should, it would run concurrently with the sentence for the second offense. We find that this was not what the legislature intended. The trial court correctly ordered that the sentence the defendant received for the aggravated-battery conviction would run consecutive to the defendant's sentence for the conspiracy-to-commit-murder conviction.

Third, the defendant argues on appeal that if his conviction for conspiracy to commit murder is reversed on appeal, we must vacate his consecutive sentence for aggravated battery and remand the cause for a new sentencing hearing.

In the interim between the defendant's filing his instant brief and our issuing of the instant decision, we affirmed the defendant's conviction for conspiracy to commit murder. The defendant's argument is therefore rendered moot.

Accordingly, we reverse the judgment of the circuit court of Will County and remand for further proceedings consistent with our findings.

Reversed and remanded.

SCOTT, P.J., and WOMBACHER, J., concur.