MELVIN THOMAS, Plaintiff-Appellee, v. JIM GREER, Warden, Defendant-Appellant.

Third District   No. 3—88—0360

Opinion filed August 17, 1989.—Rehearing allowed January 22, 1990.— Modified opinion filed March 30, 1990.*

---

*This opinion was initially published in the Illinois Appellate Advance Sheets on October 18, 1989, prior to modification upon rehearing filed March 30, 1990 (187 Ill. App. 3d 119, 553 N.E.2d 768).

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, of Chicago, Douglas K. Smith, Assistant Attorney General, of Springfield, and Terence M. Madsen, Assistant Attorney General, of Chicago, of counsel), for appellant.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Warden Jim Greer of Menard Correctional Center appeals from an order of the circuit court of Peoria County granting a petition by Melvin Thomas for *habeas corpus* relief and ordering that Thomas be released from custody.

Thomas was originally sentenced to a term of two to six years in the Illinois Department of Corrections in 1977 by the circuit court of Knox County following his conviction for burglary and theft. In 1978, while incarcerated in the Peoria Correctional Center (Center) under the Knox County sentence, Thomas and another inmate, Roderick Choisser, kidnapped a female employee at the Center, took her car, and drove with her to Fulton County, where the two men raped her in a motel. They then drove with her to Tennessee, where she managed to get away from them.

The two men were subsequently arrested and charged with offenses in three separate jurisdictions. It is the disposition of those several charges that gives rise to the current dispute. Those cases were disposed of as follows:

(1) Following guilty pleas, the United States District Court sentenced Thomas to 15 years' imprisonment for kidnapping and five years for transportation of a stolen vehicle. Those two sentences were to be served concurrently in Federal prison.

(2) Defendant entered a guilty plea to a charge of rape in Fulton County circuit court and was sentenced to 10 years to be served in Federal prison concurrent to previous State and Federal sentences.

(3) Defendant pleaded guilty to aggravated kidnapping and escape in the circuit court of Peoria County, and he was sentenced to prison terms of 10 years and 6 years, respectively, to be served in Federal prison. The court provided that the kidnapping sentence was to run concurrently to all previous State

and Federal sentences and that the escape sentence was to run consecutively to the Knox County sentences for burglary and theft.

In January of 1987 Thomas was released from Federal prison and returned to Menard, where the Department of Corrections determined that his Fulton County sentence for rape and his Peoria County sentence for aggravated kidnapping had been completed in Federal prison, but that he still had time to serve on the original Knox County sentence being served at the time of the escape and on the Peoria County sentence for escape. The Department of Corrections computed his earliest release date as January 25, 1990, and the latest at January 25, 1992.

Thomas then filed a petition for *habeas corpus* in Peoria County which was granted, and this appeal followed.

Two provisions in section 5—8—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4) applicable here are:

"(a) When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court. When a term of imprisonment is imposed on a defendant by an Illinois circuit court and the defendant is subsequently sentenced to a term of imprisonment by another state or by a district court of the United States, the Illinois circuit court which imposed the sentence may order that the Illinois sentence be made concurrent with the sentence imposed by the other state or district court of the United States. The defendant must apply to the circuit court within 30 days after the defendant's sentence imposed by the other state or district of the United States is finalized. ***

\* \* \*

(g) A sentence *** for escape *** shall be served consecutive to the terms under which the offender is held by the Department of Corrections."

Another relevant provision of the Unified Code of Corrections is in section 5—8—1 (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1):

"(f) A defendant who has a previous and unexpired sentence of imprisonment imposed by an Illinois circuit court for a crime in this State and who is subsequently sentenced to a term of imprisonment by another state or by any district court of the

United States and who has served a term of imprisonment imposed by the other state or district court of the United States, and must return to serve the unexpired prior sentence imposed by the Illinois Circuit Court may apply to the court which imposed sentence to have his sentence reduced.

The circuit court may order that any time served on the sentence imposed by the other state or district court of the United States be credited on his Illinois sentence. Such application for reduction of a sentence under this subsection (f) shall be made within 30 days after the defendant has completed the sentence imposed by the other state or district court of the United States."

The circuit court of Peoria County found that the two- to six-year sentence imposed by the Knox County court, which Thomas was serving at the time of his escape, was completed in Federal prison and that the six-year sentence for escape was also served in Federal prison after the completion of the Knox County sentence. Defendant Jim Greer contends on appeal that those findings were erroneous as a matter of law, and we agree.

■ There is no dispute that both the Fulton County sentence for rape and the Peoria County sentence for aggravated kidnapping were served in Federal prison concurrently with Thomas' Federal sentence for kidnapping. The sentencing courts expressly provided for such sentences to be served in Federal prison, and the courts had authority to make such orders under section 5—8—4(a) of the Unified Code of Corrections quoted above.

■ However, it is plain that the Illinois statutes provide that, where a subsequent sentence is imposed for escape, only the original sentencing court (here, Knox County) has the authority to modify its sentence on the underlying charge so that it could be served in Federal prison. The offender has two 30-day periods within which he can seek to have the court where he was originally sentenced order a modification of that sentence and thereby reduce his total time in prison.

First, under section 5—8—4(a) of the Unified Code of Corrections, the offender can make such application within 30 days after the United States District Court sentence is finalized. Nothing in the record on appeal indicates that Thomas applied in 1978 to Knox County circuit court to have the remainder of his interrupted burglary and theft sentences ordered to be concurrent to the Federal sentence as the statute permits.

Second, under section 5—8—1(f) the offender can apply to the

court which imposed the original sentence to have the sentence reduced within 30 days after completing the sentence imposed by the district court of the United States. Although nothing in the record before this court indicates that Thomas made such application to Knox County circuit court, we nevertheless take judicial notice of a decision of the Illinois Supreme Court filed on January 18, 1989, indicating that in fact such application was made by Thomas after he was released from Federal prison. The Knox County court denied the motion for modification of sentence on the ground that the statute was unconstitutional. Upon direct appeal, the supreme court held that the statute was constitutional and remanded the cause to Knox County for a consideration of the merits of the motion. (*People v. Bainter* (1989), 126 Ill. 2d 292.) No issue concerning the Knox County proceeding is presented by this appeal.

We conclude that the order of the Peoria County court purporting to modify the Knox County sentence was void as a matter of law. The statute mandates that the escape sentence must be consecutive to the sentence being served at the time of the escape. As this court has previously said: "The legislature apparently wanted to insure that inmates, by receiving consecutive sentences for offenses committed while in prison, could not, in effect, go unpunished for them." (*People v. Murphy* (1986), 147 Ill. App. 3d 122, 126, 494 N.E.2d 871.) Both the remainder of the Knox County sentence and the escape sentence are yet to be served.

The dissenting opinion asserts that the statutory provisions requiring defendant to apply to the original sentencing court for sentencing credit within two 30-day periods do not control here, where the subsequent sentence in question was imposed by an Illinois court, not another State or Federal court. This rationale is erroneous.

The question on appeal is whether the Knox County sentence could be served concurrently with the Federal sentence by order of the Peoria County circuit court. As between the Federal district court and the Knox County circuit court, the Federal court could have ordered its sentence to be served concurrent to the Knox County sentence under section 5—8—4(a) or the Knox County court could have ordered credit against its sentence for time served on the Federal sentence under either section 5—8—4(a) or section 5—8—1(f). Neither of these courts entered such an order.

The Peoria County circuit court had authority to order the sentences for crimes within its jurisdiction to be served concurrently with the Federal and State sentences with one exception: the Peoria court was required by statute to order the escape sentence to be served

consecutively to the Knox County sentence. This statutory limitation on the discretion of the sentencing court cannot be ignored.

Contrary to the dissenting position, we do not believe the imposition of a sentence for escape had the effect of merging the Knox County sentence into the subsequent Peoria County escape sentence for the purpose of modifying, and in effect nullifying, the Knox County sentence.

■ Thomas asserts as an alternative ground for upholding the ruling of the Peoria County court that he has completed all his sentences. He claims that he is entitled to a day-for-day "good time" credit for the years served in Federal prison, thereby fulfilling his six-year escape sentence. The statute authorizing "good time" credit (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b)) provides that the offender shall be given credit on the sentence for the time spent in custody as a result of the offense for which the sentence was imposed. This provision has been interpreted by this court to mean that the offender is not entitled to statutory credit for time served under an unrelated conviction. (*People v. Vilt* (1985), 139 Ill. App. 3d 868, 488 N.E.2d 580, *cert. denied* (1986), 479 U.S. 864, 93 L. Ed. 2d 148, 107 S. Ct. 219.) We hold that Thomas is not entitled to statutory credit against his remaining Knox County sentences and his escape sentence for the time served in Federal prison under convictions for unrelated crimes.

■ Finally, Thomas asks that he be allowed to withdraw his 1978 guilty plea entered in the Peoria County circuit court since he entered that plea pursuant to an agreement by which he understood that he would serve the remainder of his Knox County sentence and the escape sentence in Federal prison concurrently with the Federal sentence. Thomas included this request for post-conviction relief as a part of his petition for *habeas corpus* relief, but so far as we can determine, this issue was not argued or decided in the circuit court.

■ Upon a petition for rehearing filed in this court, Thomas seeks a remand of this cause to the trial court for a hearing upon his request for post-conviction relief. After being given an opportunity to respond to the petition for rehearing, defendant Greer has offered no argument or citation of authority in opposition to a post-conviction hearing. Thomas relies upon *People v. Matthews* (1975), 60 Ill. 2d 123, 324 N.E.2d 396, where, upon appeal from denial of post-conviction relief, the court stated that a plea of guilty made in reliance on a promise that the sentence imposed would be concurrent with a previous sentence in another State would not be voluntary and should be set aside if the sentence was later ruled to be consecutive rather than concurrent. Here, we conclude that the determination as to whether

Thomas' guilty plea was voluntary should be made following a hearing in the circuit court.

For the reasons set forth, we reverse the order of the circuit court of Peoria County releasing Melvin Thomas, and we remand with directions that Thomas be ordered to return to the Illinois Department of Corrections to complete his sentences in conformity with this opinion. We further direct that the trial court consider the request for post-conviction relief as indicated.

Reversed and remanded with directions.

WOMBACHER, P.J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully dissent from the decision reached by the majority in this case. The majority's misunderstanding of the application to this case of sections 5—8—1(f) and 5—8—4(a) of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1987, ch. 38, pars. 1001—1—1 *et seq.*) has led to its erroneous conclusion that *habeas corpus* relief was improperly granted to the plaintiff.

There is no dispute in this case that the escape sentence was mandatorily consecutive to the original Knox County sentence. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(g).) Nor is there any dispute that the aggregation rule applies to the consecutive escape and original Knox County sentences to make a single sentence of 8 to 12 years' imprisonment. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(e).) There is, however, a question as to whether the court which rendered the escape sentence, the circuit court of Peoria County, has the authority to decide whether the aggregated sentence will be served concurrently or consecutively to the Federal sentence. The majority concludes that only the original sentencing court (the circuit court of Knox County) has authority to make such a decision. The legislature, however, has concluded otherwise. See Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(a).

The Code provides that "when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another State, or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(a).) Thus, because the circuit court of Peoria County imposed a sentence on Thomas, who was subject to other Illinois and Federal sentences, it, and not the original sentencing court, was authorized to

determine whether the aggregated sentence would run concurrently or consecutively with the Federal sentence.

As the majority notes, there is a requirement in sections 5—8—1(f) and 5—8—4(a) of the Code that a defendant apply within two different 30-day periods to the original sentencing court for sentencing credit. (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—8—1(f), 1005—8—4(a).) However, that requirement applies only where the subsequent sentence is imposed on a defendant by a court of another State or a Federal district court. Here, the subsequent sentence at issue was imposed by an Illinois court. Thus, the 30-day rule does not apply.

Therefore, because the circuit court of Peoria County had the authority to and did determine that the aggregated sentence would run concurrently with the Federal sentence, and because the aggregated sentence expired during Thomas' sentence of imprisonment in Federal court, the circuit court was correct in granting Thomas *habeas corpus* relief. Accordingly, its judgment should be affirmed.