(No. 70102.— )

MELVIN THOMAS, Appellant, v. JIM GREER, War-
den, Menard Correctional Center, Appellee.

*Opinion filed May 20, 1991.*

CALVO and BILANDIC, JJ., took no part.

Robert Agostinelli, Deputy Defender, and Mark D. Fisher, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Douglas K. Smith, Assistant Attorneys General, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

The plaintiff, Melvin Thomas, was released from Federal prison on January 30, 1987, and subsequently incarcerated at the Menard Correctional Center because the Department of Corrections (Department) claimed that he did not complete two of his State sentences while in Federal prison. Plaintiff filed a petition for *habeas corpus* relief in the circuit court of Peoria County alleging that he had served these two sentences in Federal prison. The court granted his petition and released him from State custody. The defendant, Jim Greer, warden of the Menard Correctional Center, appealed and with one justice dissenting, the appellate court reversed, finding that the two State sentences were not served in Federal prison. (200 Ill. App. 3d 202.) As a result, plaintiff was ordered returned to the custody of the Department to complete his State sentences. (200 Ill. App. 3d at 209.) This court granted plaintiff's petition for leave to appeal (134 Ill. 2d R. 315).

The instant case concerns the relationship of six prison sentences entered against the plaintiff by four different jurisdictions. Therefore, a summary of the facts,

coupled with a chronology of the order in which the sentences were entered, is necessary for a proper understanding of the issues in this cause.

On December 30, 1976, the plaintiff pled guilty to burglary and theft charges and was admitted to probation for a period of three years by the circuit court of Knox County. However, on June 6, 1977, his probation was revoked and he was sentenced to an indeterminate term of two to six years' imprisonment and committed to the custody of the sheriff of Knox County for delivery to the Department.

In February of 1978, the plaintiff was transferred to the Brimfield Work-Release Center located in Peoria County to serve his Knox County sentence. On March 26, 1978, the plaintiff and another inmate escaped from this work-release center. During the course of their escape, they kidnapped a female correctional counselor and, using her car, they drove to a motel in Fulton County where they raped her. After leaving the motel they drove to Tennessee, where the correctional counselor managed to escape.

The plaintiff was apprehended and charged with Federal crimes as well as State crimes in two different counties, Fulton and Peoria. He entered into plea agreements with the prosecuting authorities from each of the three different jurisdictions and was sentenced three separate times in the following order.

First, on August 17, 1978, the plaintiff appeared before the United States District Court for the Southern District of Illinois where he was sentenced to 15 years' imprisonment for kidnapping and five years' imprisonment for transporting, over State borders, a stolen motor vehicle in commerce. He was then committed to the custody of the United States Attorney General. The Federal sentences were ordered to run concurrently with each other. However, these sentences were not expressly

ordered to run concurrently with the Knox County sentence. Therefore, the Knox County and Federal sentences ran consecutively to one another. *People ex rel. Hesley v. Ragen* (1947), 396 Ill. 554, 562; *People v. Boney* (1970), 128 Ill. App. 2d 170, 174.

Second, also on August 17, 1978, but after his appearance before the United States district court, the plaintiff was sentenced to 10 years' imprisonment for rape by the circuit court of Fulton County. The judge ordered the 10-year rape sentence to run concurrently with the Federal and Knox County sentences. Plaintiff was then committed to the custody of the United States Attorney General.

Third, on November 1, 1978, the plaintiff was sentenced by the circuit court of Peoria County to 10 years' imprisonment for aggravated kidnapping to be served concurrently with all prior Federal and State sentences. The court also sentenced him to six years' imprisonment for escape. As to the escape sentence, the court stated:

"THE COURT: This period of 6 years to run concurrently with any offense that took place during or after the event in question [escape], and which there has been sentences pending in Fulton County or the Federal court system. But to run consecutively to any offense which was pending prior to the date of this event and for which the *** defendant was serving time [Knox County sentence]."

The plaintiff maintains that it was the shared intention of all the parties to the Peoria County sentencing proceeding that he would serve all of his sentences, including the Knox County sentence, in Federal prison. In effect, the plaintiff asserts that when the Peoria County escape sentence was ordered to run consecutively to the Knox County sentence, the sentences merged to form a single sentence. Therefore, the Peoria County circuit court rightfully ordered these two sentences served in

Federal prison. These two sentences, the Knox County burglary/theft sentence and the Peoria County escape sentence, are at the heart of this controversy and will hereafter be referred to as the "burglary/escape sentences."

Two issues are presented for review: (1) whether the Peoria County circuit court had the authority to order plaintiff's burglary/escape sentences to run concurrently with his other sentences in Federal prison; and (2) if the court was not so authorized, whether the plaintiff should receive credit against his burglary/escape sentences for the time he served in Federal prison.

The plaintiff claims that the Peoria County circuit court was vested with the authority under section 5—8—4(a) of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(a)) to order the burglary/escape sentences served in Federal prison. The defendant maintains that the Peoria County circuit court was not authorized to modify the Knox County sentence by merging it with the Peoria County escape sentence and then ordering these two sentences to run concurrently with other sentences in Federal prison.

Section 5—8—4(a) of the Code provides in pertinent part as follows:

> "When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, or for a sentence imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court." Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(a).

As earlier noted, when the plaintiff appeared for sentencing in Peoria County, he had already been sentenced by two other Illinois circuit courts and a United States district court. The circuit court of Peoria County had to

decide whether the prison sentences to be imposed for the crimes committed within its jurisdiction, aggravated kidnapping and escape, would be served concurrently or consecutively to the previously imposed Federal and State sentences.

The court ordered the 10-year sentence for aggravated kidnapping served in Federal prison, concurrently with all previously imposed sentences. (This sentence was not concurrent to the Knox County sentence since the Federal sentences ran consecutively to the Knox County sentence.) The court clearly had the authority under section 5—8—4(a) of the Code to enter this order.

However, the court could not exercise its discretionary authority relative to the six-year escape sentence. Under section 5—8—4(g) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(g)), "[a] sentence under Section 3—6—4 for the escape or attempted escape *shall be served consecutive to* the terms under which the offender is held by the Department of Corrections." (Emphasis added.) The court ordered the escape sentence to be served consecutively to the Knox County sentence. However, the court went a step further and, apparently relying on section 5—8—4(e) of the Code, merged these two sentences and then ordered them to run concurrently with the previously imposed sentences in Federal prison.

Section 5—8—4(e) provides in pertinent part that "[i]n determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term ***." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(e).) Therefore, according to the plaintiff, the two sentences formed a single sentence which the court could, at its discretion under section 5—8—4(a), order served in Federal prison.

The fundamental principle of statutory construction is to ascertain and give effect to the intention of the legislature. (*People v. Hare* (1988), 119 Ill. 2d 441, 447; *Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492.) The intent of the legislature is discovered by initially considering the language of the statute and giving the language its plain and ordinary meaning. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40.) "A criminal or penal statute is to be strictly construed in favor of the accused and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute." *People v. Shinkle* (1989), 128 Ill. 2d 480, 486.

After applying the above principles to the sections of the Code outlined earlier, we hold the plaintiff did not serve his burglary/escape sentences in Federal prison. According to the plain language of section 5—8—4(g) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(g)), the circuit court of Peoria County was required to simply order the escape sentence served consecutively to the Knox County sentence. "The term 'consecutive sentences' means sentences following in a train, *succeeding one another* in a regular order, with an uninterrupted course or succession, and having no interval or break." (Emphasis added.) 21 Am. Jur. 2d *Criminal Law* §552 (1981).

Contrary to plaintiff's argument, when the Knox and Peoria County sentences were made consecutive to one another, a new, single sentence was not formed under section 5—8—4(e) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(e)). This section states in relevant part that "the Department of Corrections shall treat the offender as though he had been committed for a single term ***." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(e).) This section "is directed to the Department of Corrections, not the judiciary, and indicates the manner in

which consecutive sentences shall be served for the purpose of determining an offender's eligibility for parole." *People v. Goffman* (1976), 65 Ill. 2d 296, 302.

> "Under subparagraph (e), *the Department of Corrections* must consider the consecutive sentences as one sentence with an aggregate maximum and minimum for purposes of parole and good time. *** Under this section the Department can simplify its administration of sentences for purposes of parole eligibility and parole. This should also aid the offender to concentrate his rehabilitative efforts on a single longer sentence instead of having to view each sentence as a separate hurdle to clear before going on to the next." (Emphasis added.) (Ill. Ann. Stat., ch. 38, par. 1005—8—4, Council Commentary, at 164 (Smith-Hurd 1982).)

This legislation was apparently enacted because under prior State law, prisoners were not entitled to apply good-time credits earned on one sentence to a second sentence that ran consecutively. See *People ex rel. Beadle v. Illinois Parole & Pardon Board* (1968), 40 Ill. 2d 290, 292.

Had the plaintiff not been convicted of escape, it is clear that upon his release from Federal prison, he would have had to return to the custody of the Department to complete his Knox County sentence. But, since he was convicted of escape, the end result of plaintiff's interpretation of the Code would be to permit him to serve his burglary/escape sentences in Federal prison, the effect of which would be to permit him to serve less time than he otherwise would have been required to serve had he not been convicted of escape. Courts will interpret statutes presuming that the General Assembly, in passing legislation, did not intend absurd results. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363.) Plaintiff's interpretation of the Code is squarely at odds with the purpose of section 5—8—4(g), which calls for greater punishment of those persons who

escape or attempt to escape from prison by imposing mandatory consecutive sentences.

The second issue for review is whether the plaintiff should receive any credit pursuant to section 5—8—4(e)(4) of the Code, against his burglary/escape sentences for the time he served in Federal prison. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(e)(4).) This section of the Code provides:

> "[T]he offender shall be awarded credit against the aggregate maximum term and the aggregate minimum term of imprisonment for all time served in an institution since the commission of the offense or offenses and as a consequence thereof at the rate specified in Section 3—6—3 of this Code." Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(e)(4).

The plain language of the statute provides that credits are given when the offender is imprisoned as a consequence of the offenses upon which he seeks credit. The plaintiff was not imprisoned in Federal prison as a consequence of his burglary/escape sentences. He was incarcerated in Federal prison to serve the Fulton County rape sentence, the sentences issued by the United States district court for kidnapping and auto theft and the Peoria County aggravated kidnapping sentence.

The burglary/escape sentences did not commence until he was released from Federal prison and returned to the custody of the Department. Therefore, plaintiff is not entitled to any credit on his burglary/escape sentences since he was not confined in Federal prison as a consequence of these two offenses. See generally *People v. Spears* (1978), 63 Ill. App. 3d 510, 522 (although Federal and State charges arose from the same transaction, offender is not entitled to sentence credit for the period he was confined under Federal authority where he was confined on separate and distinct Federal offenses); *Williams v. Iowa* (Iowa 1979), 280 N.W.2d 406, 408 (sen-

tence credit denied on partially served sentence where inmate escaped and was later imprisoned for offense committed while on escape); Annot., 90 A.L.R.3d 408, 443-44 (1979).

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICES CALVO and BILANDIC took no part in the consideration or decision of this case.