THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES L. AVERY, Defendant-Appellant.

Fourth District   No. 4—99—0952

Opinion filed April 26, 2001.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In July 1999, the trial court convicted defendant, Charles L. Avery, in a bench trial in McLean County case No. 98—CF—894 of (1) making a false report of a motor vehicle theft (625 ILCS 5/4—103(a)(6) (West 1998)) and (2) possession of a controlled substance (less than 15 grams of a substance containing cocaine) (720 ILCS 570/402(c) (West 1998)) and later sentenced him to nine and six years in prison, respectively. Also in July 1999, defendant pleaded guilty in McLean County case No. 98—CF—1275 (a case unrelated to case No. 98—CF—894) to obstructing justice (720 ILCS 5/31—4(a) (West 1998)). The trial court later sentenced him to six years in prison, with that sentence to run consecutively to the six-year sentence defendant received in case No. 98—CF—894, pursuant to section 5—8—4(h) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—8—4(h) (West 1998)).

Defendant appeals, arguing that (1) his possession of a controlled substance conviction must be reversed because he was denied his constitutional right to confront a key prosecution witness under *People v. McClanahan*, 191 Ill. 2d 127, 729 N.E.2d 470 (2000), and (2) his mandatory consecutive sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We affirm.

## I. BACKGROUND

In September 1998, the State charged defendant in case No. 98—CF—894 with (1) making a false report of a motor vehicle theft (625 ILCS 5/4—103(a)(6) (West 1998)) (count I), (2) possession of a controlled substance (more than 1 gram but less than 15 grams of a substance containing cocaine) with intent to deliver (720 ILCS 570/401(c)(2) (West 1998)) (count II), and (3) possession of a controlled substance (less than 15 grams of a substance containing cocaine) (720 ILCS 570/402(c) (West 1998)) (count III). Also in September 1998, defendant posted a cash bond and was released pending further proceedings.

In December 1998, the State charged defendant in case No. 98—CF—1275 with (1) obstructing justice (720 ILCS 5/31—4(a) (West

1998)) (count I), and (2) resisting a peace officer (720 ILCS 5/31—1(a) (West 1998)) (count II).

After a June 1999 bench trial in case No. 98—CF—894, the trial court found defendant guilty of counts I and III. In July 1999, before he was sentenced on those convictions, defendant pleaded guilty to both counts in case No. 98—CF—1275.

In August 1999, the trial court conducted a joint sentencing hearing on both cases. In case No. 98—CF—894, the court sentenced defendant to nine years in prison on count I (false report of a motor vehicle theft) and six years in prison on count III (possession of a controlled substance), with those sentences to run concurrently. In case No. 98—CF—1275, the court sentenced defendant to six years in prison on count I (obstructing justice) and ordered that sentence to run consecutively to the nine- and six-year sentences imposed in case No. 98—CF—894. In doing so, the court stated its belief that section 5—8—4(h) of the Unified Code mandated consecutive sentences under the circumstances of this case. The court did not impose any sentence on count II in case No. 98—CF—1275. This appeal followed.

## II. ANALYSIS

### A. The *McClanahan* Issue

Defendant first argues that under the supreme court's recent decision in *McClanahan*, this court must reverse his possession of a controlled substance conviction because he was denied his constitutional right to confront a key prosecution witness when the trial court admitted evidence pursuant to section 115—15 of the Code of Criminal Procedure of 1963 (Procedural Code) (725 ILCS 5/115—15 (West 1998)). The State concedes this argument, but we reject the State's concession.

At defendant's bench trial in case No. 98—CF—894, the evidence established that defendant was arrested on the charge of making a false report of a motor vehicle theft and transported to the county jail in the backseat of a police car. Once the police car arrived at the jail, the arresting officer got out of the car and noticed that defendant, whose hands were cuffed behind his back, had his fingers underneath the back of the seat and kept trying to push them in further. The officer got defendant out of the car and then checked underneath the rear seat, as he did each time he transported someone in custody. As the officer examined the seat, but before he found anything, defendant began saying, "That ain't mine, man; that ain't mine."

The officer then felt a package and pulled it out from under the seat. He opened it and saw what he believed to be 14 individually wrapped "rocks" of crack cocaine. He later sealed the package and had his department send it to the Illinois State Police crime lab.

After the arresting officer testified, the following discussion took place between the trial court and counsel:

"[THE PROSECUTOR]: Judge, if I can by way of proffer at this time, and I would note for the record that State's [e]xhibits 2 and 3 are—2 is the lab report corresponding to the People's [exhibit No.] 1, and State's [e]xhibit [No.] 3 is an affidavit in lieu of court appearance of the forensic scientist, Joni Little, and after discussing with [defense] counsel by way of stipulation[,] if called to testify[,] Detective Tommy Sanders would indicate that he did, in fact,—that he transported the sealed People's [exhibit No.] 1 to the Morton Crime Lab and it was, in fact, turned over to the forensic scientist in that condition for the forensic analysis. Given that, I would move to admit at this time People's [exhibit Nos.] 1 through 6.

THE COURT: All right, any objection to those exhibits?

[DEFENSE COUNSEL]: No, [Y]our Honor.

THE COURT: Okay, they'll be admitted, People's [exhibit Nos.] 1 through 6."

On appeal, defendant does not challenge the sufficiency of the evidence to sustain his conviction. That is, he does not argue that People's exhibit Nos. 1 through 6 (the lab reports and the lab analyst's affidavit), along with the trial testimony, were not sufficient to prove him guilty beyond a reasonable doubt of possession of a controlled substance. Instead, citing *McClanahan*, he contends that the trial court erred by considering those exhibits and, without them, the State's case fails.

In *McClanahan*, the supreme court considered whether section 115—15 of the Procedural Code (725 ILCS 5/115—15 (West 1998)) passed constitutional muster. As the supreme court explained, that section:

"allows the State, in prosecutions under the Cannabis Control Act (720 ILCS 550/1 *et seq.* (West 1998)) or the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 1998)), to use lab reports in lieu of actual testimony as *prima facie* evidence of the contents of the substance at issue unless the defendant files a demand for the testimony of the witness who prepared the report. The demand must be filed within seven days of the defense's receipt of the report." *McClanahan*, 191 Ill. 2d at 129, 729 N.E.2d at 472.

The supreme court concluded that section 115—15 was unconstitutional because it violated a defendant's right to confront the witnesses against him under both the United States and Illinois Constitutions. *McClanahan*, 191 Ill. 2d at 140, 729 N.E.2d at 478.

Nonetheless, Illinois law has long required that " ' "[a]n accused may not sit idly by and allow irregular proceedings to occur without objection and afterwards seek to reverse his conviction by rea-

son of those same irregularities." ' [Citations.]" *People v. Bull*, 185 Ill. 2d 179, 200, 705 N.E.2d 824, 835 (1998). Nothing in the supreme court's decision in *McClanahan* has changed this rule of law.

*McClanahan* is distinguishable from the case before us in that defendant on appeal is not in the same position as was the defendant in *McClanahan*. In *McClanahan*, when the State sought to rely upon section 115—15 of the Procedural Code, the defendant objected and insisted that the State was required to call the person who prepared the lab report to testify and that section 115—15, which permitted the person's affidavit to suffice, was unconstitutional. The trial court disagreed and admitted the lab report and affidavit into evidence over defendant's objection. *McClanahan*, 191 Ill. 2d at 129-30, 729 N.E.2d at 473.

■ In the present case, defendant did not object to the State's use of the lab report and affidavit as part of its case in chief. The earlier quoted portion of the trial record indicates that (1) the prosecutor and defense counsel had discussed the exhibits that established the identity of the seized items as cocaine, and (2) the State's proffer of them into evidence came as no surprise to defense counsel. Under these circumstances, defendant has forfeited on appeal any argument that the trial court erred by admitting the exhibits in question. See *People v. Corrie*, 294 Ill. App. 3d 496, 508, 690 N.E.2d 128, 135 (1998).

Further, "testimony based on hearsay that is not objected to at trial should be given appropriate consideration." *People v. Becerril*, 307 Ill. App. 3d 518, 526, 718 N.E.2d 1025, 1030 (1999). Thus, absent defendant's objection, the trial court could properly consider the hearsay documents pertaining to the identification of the substances seized from defendant regardless of the existence or application of section 115—15 of the Procedural Code. Based on that evidence and the trial testimony, the court could then find that the State had proved defendant guilty beyond a reasonable doubt of possession of a controlled substance.

## B. The *Apprendi* Issue

■ Last, defendant argues that section 5—8—4(h) of the Unified Code (730 ILCS 5/5—8—4(h) (West 1998)), which requires that if a person charged with a felony commits a separate felony while on pretrial release, the sentences imposed upon conviction of those felonies shall be served consecutively, is unconstitutional under the Supreme Court's recent decision in *Apprendi*. (In *Apprendi*, the Supreme Court held that "any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455,

120 S. Ct. at 2362-63.) Specifically, defendant contends that section 5—8—4(h) of the Unified Code contains the same constitutional defects as the New Jersey statute invalidated in *Apprendi* because that section does not provide the defendant with the right to a jury determination of facts that allow the imposition of consecutive sentences. However, this court recently addressed the application of *Apprendi* to consecutive sentences, albeit in a different context, and rejected this argument.

In *People v. Ransom*, 319 Ill. App. 3d 915, 923-26 (2001), this court considered the defendant's argument that section 5—8—4(a) of the Unified Code—which requires a trial court to impose consecutive sentences when (1) the defendant commits multiple offenses within a single course of conduct, (2) one of the offenses was a Class X felony, and (3) the defendant inflicted severe bodily injury—was unconstitutional under *Apprendi*. In *Ransom*, we concluded that section 5—8—4(a) of the Unified Code was not unconstitutional under *Apprendi* because consecutive sentences do not increase the penalty beyond the prescribed statutory range, and explained as follows:

> "Section 5—8—4(a) merely addresses the *manner in which the sentence for each individual offense is to be served*. That section has nothing to do with the length of each discrete sentence. 730 ILCS 5/5—8—4(a) (West 1998); see also *People v. Primm*, 319 Ill. App. 3d 411, 427-28 (2000) (consecutive sentencing affects only the manner in which each sentence is to be served and has nothing to do with the length of each sentence). Our supreme court made this clear in *Thomas v. Greer*, 143 Ill. 2d 271, 278, 573 N.E.2d 814, 817 (1991), where it held that when sentences are 'made consecutive to one another, a new single sentence [is] not formed.' The *Thomas* court supported its holding by noting, in part, that ' "[t]he term 'consecutive sentences' means sentences following in a train, *succeeding one another* in a regular order, with an uninterrupted course of succession, and having no interval or break." ' (Emphasis in original.) *Thomas*, 143 Ill. 2d at 278, 573 N.E.2d at 817, quoting 21 Am. Jur. 2d *Criminal Law* § 552 (1981). Further, the supreme court has held that the imposition of consecutive sentences does not constitute an increase in penalty. See *People v. Wendt*, 163 Ill. 2d 346, 355, 645 N.E.2d 179, 183 (1994)." (Emphasis in original.) *Ransom*, 319 Ill. App. 3d at 925.

We conclude that our analysis regarding section 5—8—4(a) of the Unified Code applies as well to section 5—8—4(h). Accordingly, we reject defendant's contention that *Apprendi* renders section 5—8—4(h) of the Unified Code unconstitutional.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT and COOK, JJ., concur.