THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOANNE Y. PHILLIPS, Defendant-Appellant.

Third District Nos. 3—00—0510, 3—00—0511 cons.

Opinion filed November 19, 2001.

158

McDADE, J., concurring in part and dissenting in part.

Donna K. Kelly (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Terence M. Patton, State's Attorney, of Cambridge (John X. Breslin and Rita Kennedy Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOMER delivered the opinion of the court:

The defendant, Joanne Phillips, was convicted by a jury of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 1998)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1998)), unlawful possession of cannabis (720 ILCS 550/4(a) (West 1998)), and driving while license suspended (625 ILCS 5/6—303 (West 1998)). The court sentenced the defendant to four years' imprisonment.

On appeal, the defendant argues that (1) the admission into evidence of lab reports violated her constitutional right to be confronted with the witnesses against her, and (2) her mandatory prison sentence violated the principles of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). For the reasons that follow, we affirm.

## BACKGROUND

In the early morning hours of November 5, 1999, a Henry County

sheriff's deputy, Glenn Hampton, stopped the defendant's vehicle on Interstate 80 because the vehicle had veered off the roadway. Hampton asked the defendant for her license, registration, and proof of insurance. The defendant produced a driver's license and Hampton escorted her to his squad car, while the defendant's two passengers remained in her vehicle. The defendant indicated that she thought her license was suspended after which Hampton received radio confirmation that the defendant's license was indeed suspended. Hampton placed the defendant under arrest for driving with a suspended license and returned to the defendant's vehicle.

After asking the two passengers to step out, Hampton searched the interior of the vehicle. Underneath the driver's seat near the transmission hump, Hampton discovered wrapped in a paper towel 25 individual plastic bags of a white substance that appeared to be crack cocaine. In the front ashtray, he found a half-burnt marijuana cigarette.

Hampton walked back to his squad car and showed the defendant the substance he recovered from her vehicle. She asked what it was. After Hampton read the defendant her *Miranda* rights, he returned to her vehicle to speak with the passengers. Hampton then walked back to his squad car and told the defendant that the passengers denied knowledge of the cocaine. He told the defendant that they needed to discuss the matter and then noticed the defendant becoming teary-eyed. The defendant told Hampton that she needed money to pay bills and feed her children. She said that the two passengers in her car did not know anything about the cocaine and that she had picked it up in Chicago. Hampton transported the defendant to the county jail and again read the defendant her *Miranda* rights. The defendant signed a written statement which was consistent with the oral admissions she made to Hampton.

At trial, the State introduced the defendant's written statement and an Illinois State Police lab report signed by Denise Hanley, a forensic scientist, which revealed 5.4 grams of off-white chunks containing cocaine and 7.1 grams of untested, off-white chunks. A second report, signed by Robert Streight, an employee of the Henry County Sheriff's office, revealing .1 gram of a plant material containing cannabis was also introduced.

In her defense, the defendant testified that Hampton badgered her into confessing. She indicated that Hampton informed her that if she cooperated the judge would be notified, she would be home with her kids the next day, and Hampton would not notify the Department of Children and Family Services. In addition, the defendant testified that only when Hampton threatened to charge her with drug trafficking

and possession of a stolen vehicle and indicated that she would never see her children again did she admit knowledge of the drugs. The defendant admitted signing the written statement, but testified at trial that it was untrue. She maintained that she did not know of any drugs in the car except the marijuana and she had told the passenger smoking the marijuana to stop. At trial, Hampton denied making any promises to the defendant to induce her confession.

The defendant was convicted of all counts. At sentencing, the trial judge indicated that he would have placed the defendant on probation, but that the legislature had stripped him of his discretion to do so. The defendant was sentenced to four years' imprisonment for the unlawful possession of a controlled substance with intent to deliver. The court vacated the unlawful possession of a controlled substance count, gave the defendant credit for time served on the cannabis count, and entered judgment on the conviction for driving while license suspended. The defendant appeals from her convictions and sentences.

## ANALYSIS

### I. Lab Reports

Relying significantly on the recent case of *People v. McClanahan*, 191 Ill. 2d 127, 729 N.E.2d 470 (2000), the defendant argues that because an element of her alleged drug-related offenses was proven through lab reports, she was denied her sixth amendment right to be confronted by the witnesses against her.

■ Section 115—15(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—15 (West 1998)) provides that a state police lab report with a supporting affidavit is considered *prima facie* evidence of the contents, identity, and weight of the substance being analyzed in prosecutions for violation of either the Cannabis Control Act (720 ILCS 550/1 *et seq.* (West 1998)) or the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 1998)). Section 115—15(c) of the Code further provides that the report will not be *prima facie* evidence if the accused or her attorney demands the testimony of the person signing the report by serving the demand upon the State's Attorney within seven days of receipt of the report. 725 ILCS 5/115—15(c) (West 1998).

Our supreme court held in *McClanahan* that section 115—15 of the Code is unconstitutional because it impermissibly requires a defendant to take a procedural step to secure his constitutional right of confrontation and does not require a knowing, intelligent, and voluntary waiver of this right. *McClanahan*, 191 Ill. 2d at 140, 729 N.E.2d at 478. The defense attorney in *McClanahan* objected to the admission of the report at trial but had failed to demand the testimony of the lab

analyst within seven days of receipt of the report. *McClanahan*, 191 Ill. 2d at 129, 131, 729 N.E.2d at 472-73.

■ Subsequent to the supreme court's decision in *McClanahan*, the Fourth District of the Illinois Appellate Court held that, absent the defendant's objection at trial, the trial court could properly consider hearsay lab reports regardless of the existence or application of section 115—15. *People v. Avery*, 321 Ill. App. 3d 414, 418, 749 N.E.2d 386, 390 (2001). The court reasoned that testimony based on hearsay that is not objected to at trial should be given appropriate consideration. *Avery*, 321 Ill. App. 3d at 418, 749 N.E.2d at 390.

■ Not only did the instant defendant fail to object to the admission of the lab reports at trial, it is apparent from the record that she stipulated to them. While the record does not contain the defendant's express stipulation to the lab reports, the record clearly supports the State's contention that the defendant did indeed enter into such a stipulation with the State.

In his opening statement, the prosecutor informed the jury that there was "an agreement" between the State and defense counsel as to the testimony of the persons who handled and tested the cocaine and cannabis. The prosecutor further revealed the results of the lab tests and informed the jury that the lab reports would be introduced pursuant to the "stipulation" of the parties. The defendant did not object to these statements of the prosecutor. Later, when the State offered the lab reports into evidence during trial, defense counsel said he had "no objection." Again during closing arguments, the prosecutor referred without objection to the "stipulations."

The defendant's challenge to the admission of the lab reports is raised for the first time on appeal. The waiver issue aside, we conclude that the lab reports were properly admitted into evidence in this case pursuant to the stipulation of the parties, and not pursuant to the provisions of section 115—15 of the Code. Therefore, the holding in *McClanahan* is inapposite to this appeal, and the defendant's argument that she was denied her right to be confronted with the witnesses against her by the application of section 115—15 of the Code is unavailing.

## II. *Apprendi* Issue

As noted, the defendant was convicted of possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 1998)). The information alleged that the defendant possessed more than 1 gram but less than 15 grams of cocaine. The trial court sentenced the defendant according to section 5—5—3(c)(2)(D) of the Unified Code of Corrections, which requires a mandatory minimum

prison sentence of four years for possession with intent to deliver more than five grams of cocaine. See 730 ILCS 5/5—5—3(c)(2)(D) (West 1998). The defendant argues that this sentencing statute violated her constitutional right to due process, a jury trial, an indictment, and notice because the element of "more than 5 grams" was not pled in the indictment, submitted to a jury, or proven beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The State counters that *Apprendi* has no application to the instant case because the defendant did not receive a penalty for a crime beyond the statutory maximum. See *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

■ While there appear to be no reported Illinois cases that construe the applicability of *Apprendi* to mandatory minimum sentences imposed under section 5—5—3(c)(2)(D), federal courts have addressed analogous federal sentencing provisions. In *United States v. Ramirez*, 242 F.3d 348 (6th Cir. 2001), the Sixth Circuit Court of Appeals was confronted by a factual scenario similar to that facing this court. In *Ramirez*, the defendant was convicted of conspiracy to distribute cocaine and attempt to possess cocaine with the intent to distribute. The defendant was sentenced to a mandatory minimum of 20 years' imprisonment after the trial judge concluded that the quantity of drugs involved was more than five kilograms. On appeal, the *Ramirez* court applied *Apprendi*, holding that the assessment of facts that increase the mandatory minimum sentence invokes the full range of constitutional protections required for elements of the crime. *Ramirez*, 242 F.3d at 351. In other words, in order to enforce the mandatory minimum statutory penalty provision, the amount of the drugs involved had to be proven beyond a reasonable doubt.

The Sixth Circuit's approach was criticized by the Seventh Circuit Court of Appeals in *United States v. Hill*, 252 F.3d 919 (7th Cir. 2001). The *Hill* court refused to grant a defendant a new sentencing hearing based on *Apprendi* where his sentence remained within the range of the sentencing statute. At least four other circuit courts of appeal disagree with the Sixth Circuit's interpretation of *Apprendi*. See *United States v. Harris*, 243 F.3d 806 (4th Cir. 2001); *United States v. Robinson*, 241 F.3d 115 (1st Cir. 2001); *United States v. Keith*, 230 F.3d 784 (5th Cir. 2000); *United States v. Aguayo-Delgado*, 220 F.3d 926 (8th Cir. 2000). Moreover, the United States Supreme Court held in *McMillan v. Pennsylvania*, 477 U.S. 79, 91 L. Ed. 2d 67, 106 S. Ct. 4211 (1986), that judges may find the existence of facts which trigger mandatory minimum sentences by a preponderance of the evidence. Furthermore, the Illinois Supreme Court recently stated that "*Apprendi* does not proscribe all judicial fact finding at sentencing, even

though it may result in an increase in a defendant's punishment, provided the statutory maximum sentence for the offense is not exceeded." *People v. Carney*, 196 Ill. 2d 518, 526, 752 N.E.2d 1137, 1142 (2001).

Accordingly, we hold that section 5—5—3(c)(2)(D) of the Unified Code of Corrections is a sentencing factor, rather than an element of the offense, and may be found to exist by judicial fact finding at sentencing. In the instant case, the trial court properly found that the quantity of the cocaine was in excess of five grams based upon the lab report which was admitted into evidence by stipulation of the parties; thus, the mandatory minimum statutory provision was applicable.

For the reasons stated, we hold that trial court's imposition of the mandatory minimum four-year prison sentence did not offend *Apprendi* or violate the defendant's constitutional rights.

## CONCLUSION

For the foregoing reasons, the judgment and sentence of the circuit court of Henry County is affirmed.

Affirmed.

LYTTON, J. concurs.

JUSTICE McDADE, dissenting in part and concurring in part:

On appeal, defendant argues that she was denied her constitutional right to be confronted by the witnesses against her and that her sentence should be vacated due to an *Apprendi* violation. The majority has held the defendant's constitutional argument lacks merit because she did not object to the admission of the lab reports and there were references to a stipulation to the reports in the record. Because I believe that neither the defendant's failure to object, either personally or by counsel, nor the references in the State's argument to the stipulation amount to a knowing and voluntary waiver by the defendant of her constitutional rights, I respectfully dissent from that portion of the majority opinion.

In support of her constitutional argument, defendant relies heavily on the supreme court decision in *People v. McClanahan*, 191 Ill. 2d 127, 729 N.E.2d 470 (2000). In that decision, which was entered only two weeks before defendant's trial, the court noted that for there to be a valid waiver of a constitutional right, the waiver must be an intentional relinquishment or abandonment of a known right. The court went on to explain that this required the waiver to be a voluntary, knowing, and intelligent act made by the defendant, with an

awareness of the consequences and relevant circumstances. *McClanahan*, 191 Ill. 2d at 137, 729 N.E.2d at 476.

The *McClanahan* court considered and rejected the constitutionality of section 115—15(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—15 (West 1998)). The supreme court's focus was whether the statute's process for the stipulated admission of lab reports as evidence satisfied the constitutional protections of the confrontation clause. Its analysis was grounded in constitutional principles surrounding the right to confront accusers and witnesses. The safeguards of the confrontation clause, as noted by the court, include, but are not limited to, ensuring the reliability of the evidence by subjecting it to rigorous testing during an adversary proceeding before the trier of fact and restraining the prosecution by regulating how it presents the case against the accused. *McClanahan*, 191 Ill. 2d 127, 729 N.E.2d 470.

The *McClanahan* court did recognize that parties may stipulate to evidence that is to be presented to the trier of fact. However, that stipulation must be made in a manner that protects the defendant's rights under the constitution. The court noted that without section 115—15 the State would have been required to get a stipulation from the *defendant* to the admission of the reports. That stipulation would then constitute the defendant's voluntary and knowing waiver of his or her right to confront the State's witness.

As the majority points out, the *McClanahan* case had the benefit of a defendant who had objected to the presentation of the reports by the State. In this case, the defendant did not object to the presentation of the lab reports. However, defense counsel's failure to object cannot operate as an affirmative waiver of the *defendant's* constitutional rights under the confrontation clause, as it does not clearly reflect an intentional relinquishment or abandonment by the *defendant* of a known right. *Brookhart v. Janis*, 384 U.S. 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245 (1966). I am aware that this position is contrary to that recently taken by the Fourth District of the Illinois Appellate Court in *People v. Avery*, 321 Ill. App. 3d 414, 749 N.E.2d 386 (2001); however, for the reasons set out above, I disagree with its analysis.

The majority also points out that the record reflects a reference to a stipulation to the evidence by the prosecution in opening statements and closing arguments, in addition to an absence of any objection to the submission of the reports by defense counsel. However, there is no signed stipulation in the record nor is there any admonishment by the trial court to the defendant that by stipulating to the reports she is waiving her constitutional right to confront the State's witnesses. In the absence of such a written stipulation in the record, or an

admonishment by the trial court and affirmative acknowledgment by Ms. Phillips, it cannot be shown that she was aware of her constitutional right and that she knowingly and voluntarily waived it. Based on this analysis, I would reverse the judgment of the circuit court and remand this matter for a new trial.

The second issue raised by the defendant was whether her four-year sentence should be vacated due to an *Apprendi* violation. Although under my analysis we would not need to reach this issue because the matter would be remanded for a new trial, I agree with the majority that, under the facts of this case, the amount of the drug possessed by the defendant is a sentencing factor that may be found to exist by judicial fact finding at sentencing.