GENUINE PARTS COMPANY, Plaintiff-Appellant, v. DU PAGE COUNTY *et al.*, Defendants-Appellees.

Second District   No. 2—91—1446

Opinion filed October 20, 1992.

Robert Handley, of Moroni & Handley, of Carol Stream, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Anna B. Harkins, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Genuine Parts Company, appeals the order of the circuit court granting summary judgment in favor of defendants, Du Page County and Karl D. Fry. Plaintiff contends that the court erred in concluding (1) that section 5—918(b) of the Road Improvement Impact Fee Law (Act) (Ill. Rev. Stat. 1991, ch. 121, par. 5—918(b)) does not exempt plaintiff from the payment of transportation impact fees in connection with the development of its warehouse and (2) that the county ordinance authorizing the imposition of impact fees for plaintiff's development had not been repealed by enactment of a subsequent inconsistent ordinance.

Plaintiff is a Georgia corporation doing business as NAPA Auto Parts. In 1989, plaintiff purchased a parcel of property in Naperville in order to erect a new building to house its midwest distribution center. Before beginning construction, plaintiff obtained all necessary permits and paid a City of Naperville road impact fee. Naperville issued a building permit and, after construction was completed, issued a certificate of occupancy.

Approximately three months later, plaintiff received a "Transportation Road Impact Fee Assessment Notification" dated August 16, 1990, from Du Page County. This document demanded that plaintiff pay a county transportation impact fee of $13,933.36. Plaintiff refused to pay and subsequently filed a three-count complaint in the circuit court of Du Page County. Count I sought an injunction to prohibit the collection of the fee. Count II sought a declaration that section 5—918(b) of the Road Improvement Impact Fee Law (Ill. Rev. Stat. 1991, ch. 121, par. 5—918(b)) exempted plaintiff from payment of the fee. Count III sought a declaration that the county's impact fee ordinance had been repealed by the enactment of a later, inconsistent ordinance.

Both parties filed motions for summary judgment. On December 4, 1991, the court denied plaintiff's motion and granted defendants'

motion regarding counts II and III of the complaint. Plaintiff voluntarily dismissed count I and then filed a timely notice of appeal.

■ Plaintiff's first contention on appeal is that the court erred in denying his motion for summary judgment on the ground that section 5—918(b) did not exempt it from the payment of the county transportation impact fee. Section 5—918 is part of the Road Improvement Impact Fee Law, an enabling act to permit units of local government to enact ordinances providing for the payment of transportation impact fees as a prerequisite to obtaining approval of a proposed development. Section 5—918 provides in relevant part as follows:

"(b) Exemption of Developments Receiving Site Specific Development Approval. No development which has received site specific development approval from a unit of local government within 18 months before the first date of publication by the unit of local government of a notice of public hearing to consider land use assumptions relating to the development of a comprehensive road improvement plan and imposition of impact fees and which has filed for building permits or certificates of occupancy within 18 months of the date of approval of the site specific development plan shall be required to pay impact fees for permits or certificates of occupancy issued within that 18 month period.

\* \* \*

(c) Exception to the Exemption of Developments Receiving Site Specific Development Approval. Nothing in this Section shall require the refund of impact fees previously collected by units of local government in accordance with their ordinances or resolutions, if such ordinances or resolutions were adopted prior to the effective date of this Act and provided that such impact fees are encumbered as provided by Section 5—916." Ill. Rev. Stat. 1991, ch. 121, pars. 5—918(b), (c).

In a stipulation of facts filed in the trial court, the parties agreed that the timing provisions of section 5—918(b) are applicable. Plaintiff thus argues that the plain language of that section exempts its development from the payment of impact fees. The county, however, contends that the exception to the exemption contained in section 5—918(c) is applicable.

The county's argument goes as follows. The Road Improvement Impact Fee Law became effective July 26, 1989. (Pub. Act 86—97, eff. July 26, 1989.) Plaintiff received its building permit prior to that date. Plaintiff became liable for the fee at or prior to the time it obtained its building permit. Thus, the fee should be considered to have

been collected as of that time, and, pursuant to section 5—918(c), the county is not required to "refund" the fee which was "previously collected."

The county maintains that the statutory section is ambiguous and that resort to extrinsic evidence reveals that the purpose of the Act was to ensure that existing county ordinances remained in force during the transition period to the new enabling act. Alternatively, the county contends that even if the language of the Act is unambiguous, ascribing to the words of the Act their plain and ordinary meanings would produce an absurd result. The county points out that, had plaintiff paid the fee at the time it received the building permit, the county would not have been required to refund the money. The county posits that plaintiff should not receive a benefit because it failed to pay the fee when it allegedly was due.

The fundamental principle of statutory construction is to ascertain and give effect to the intention of the legislature. (*Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 194; *Thomas v. Greer* (1991), 143 Ill. 2d 271, 278.) This intent is determined initially by considering the language of the statute itself. (*DeClerck v. Simpson* (1991), 143 Ill. 2d 489, 492; *Thomas*, 143 Ill. 2d at 278.) In construing a statute, the words are to be given their plain and ordinary meanings. *Opyt's Amoco, Inc. v. Village of South Holland* (1992), 149 Ill. 2d 265, 277; *DeClerck*, 143 Ill. 2d at 492.

In the present case, the parties agree that the exemption created by section 5—918(b) is potentially applicable. The county, however, argues that the exception to the exemption established in section 5—918(c) is also applicable. That paragraph states that nothing in the Act shall require "the refund of impact fees previously collected by units of local government." (Ill. Rev. Stat. 1989, ch. 121, par. 5—918(c).) We agree with plaintiff that these words must be given their plain and ordinary meanings.

"Refund" is defined as "[t]o repay or restore; to return money in restitution or repayment." (Black's Law Dictionary 1281 (6th ed. 1990).) Similarly, "collect" is defined as "to claim and receive in payment or fair recompense" and "to present as due and receive payment for." (Webster's Third New International Dictionary 444 (1986).) The conclusion is inescapable that the legislature intended the exception to apply only to the actual refunding of fees which had been previously collected. Nothing in the statute permits the local government to continue to collect fees which had not previously been paid.

■ Since the language of the statute is clear and unambiguous, we have no need to consider the legislative debates and other extrin-

sic sources to which the parties refer. Moreover, we reject the county's assertion that the literal reading of the statute leads to an absurd result by permitting one who has willfully withheld payment of the fee to avoid payment altogether while not requiring a refund to one who has paid in a timely manner. Initially, the record does not support the county's conclusion that plaintiff willfully refused to pay. Indeed, the parties stipulated that plaintiff was unaware of the county impact fee ordinance prior to receiving the notice of assessment from the county. In addition, we do not believe the distinction between fees previously collected and those which are "due" but unpaid is arbitrary. The legislature obviously intended to exempt all developments which met the criteria of section 5—918(b). It could have concluded that a narrow exception was necessary to prevent the disruption of municipal treasuries which would be caused by having to refund fees which had already been collected and encumbered as required by the enabling Act. See Ill. Rev. Stat. 1991, ch. 121, pars. 5—916, 5—918(c).

We also reject the county's contention that plaintiff became liable for payment of the fee the moment it received its building permit despite its lack of knowledge of the ordinance and the absence of any attempt to collect the fee prior to the issuance of the permit. In this regard, the ordinance provides that "fair share transportation impact fees for non-residential development imposed pursuant to this Ordinance shall be assessed and collected in full prior to the issuance of a building permit." (Du Page County, Ill., Ordinance ODT—021—89, §6(2) (June 29, 1989).) As noted previously, "collect" refers to the actions of the party expecting a payment to obtain it. Nothing in the ordinance provides that a developer has an independent obligation to determine the amount of the fee due and remit that amount in the absence of a request by the county or municipality.

Based on the plain meaning of the statute, plaintiff was exempt from the payment of the impact fee. Thus, the circuit court's order granting summary judgment for the county must be reversed. Because of our disposition of this issue, we need not reach plaintiff's alternative argument.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded with directions to enter judgment for plaintiff.

Reversed and remanded with directions.

WOODWARD and McLAREN, JJ., concur.