THE COUNTY OF DU PAGE, Plaintiff-Appellee, v. RWS DEVELOPMENT, INC., Defendant-Appellant.

Second District   No. 2—93—1350

Opinion filed November 21, 1994.

Gerald J. Sramek and Bernadette Garrison Barrett, both of Barrett, Sramek & Jasinski, of Palos Heights, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

In this appeal of two cases consolidated by the trial court, defendant, RWS Development, Inc., appeals the order of the circuit court of Du Page County entering judgment in favor of plaintiff, the County of Du Page, in the amounts of $12,336.91 and $9,051 for unpaid transportation impact fees. The issue on appeal is whether plaintiff may assess and collect impact fees after the issuance of a building permit. We reverse.

Defendant obtained building permits and then built and sold 50 single-family residences in the City of Aurora. Sometime after the City of Aurora issued the building permits, plaintiff learned that the building permits had been issued without the payment of the transportation impact fees required by the Du Page County Fair Share Transportation Impact Fee Ordinance, No. ODT—021—89 (the ordinance).

Plaintiff brought an action against defendant to collect impact fees pursuant to the ordinance. The ordinance provides in relevant part:

"Section Six. *Timing of Payment of Fee.*

1. Except as may be provided in subsection three hereof, fair share transportation impact fees for residential development imposed pursuant to this Ordinance shall be assessed and collected in full prior to the issuance of a building permit by either a municipality or the county.

* * *

Section Twenty. *Penalties.*

1. The Superintendent of Highways may initiate, through the State's Attorney, judicial proceedings to remedy or correct any violation of this Ordinance, including the issuance of a mandatory or prohibitory injunction or order of abatement, and any other appropriate action, proceeding, or remedy to prevent unlawful development without payment of the fee required by this Ordinance. Each day that a violation continues shall be deemed a separate offense."

Larry H. Bolman testified that he is the manager of transportation financial services of the finance department of the Du Page County department of transportation and that one of his duties is to monitor the payment of county impact fees by builders in Du Page County. As part of these duties, he receives information from the highway department with respect to the issuance of building permits to make sure that they match up with the payment of impact fees.

Bolman was not able to find a match with respect to the properties at issue in the present case. He sent a letter to defendant at the address contained on the building permit. The address was one of the houses defendant built, but it was not defendant's office or place of business.

On cross-examination, Bolman testified that he had no knowledge when the building permits were issued by the City of Aurora. He also testified that plaintiff did not collect or attempt to collect the fees prior to the issuance of the building permits because plaintiff had no knowledge that the building permits had been issued until after the fact. He further testified that he did not attempt to ascertain defendant's business address or its registered agent.

Michael Pender testified that he is employed by the Du Page County department of transportation as the impact fee coordinator. He is familiar with the practices and procedures of Du Page County in enforcing the ordinance. He testified that the fees for the properties in the present case were not received by the county at any time.

On cross-examination, he explained that different procedures are followed, depending upon whether the building permit is issued by a municipality within the county or by the county itself. If the building permit is issued in unincorporated Du Page County, the county does not issue the building permit unless the impact fee has been paid. If the permit is issued by a municipality, the county has no control over the actions of the municipality in issuing building permits within its jurisdiction. Municipalities can enter into intergovernmental agreements with the county to withhold the issuance of a building

permit until evidence is shown that the Du Page County impact fee has been paid. Aurora, however, has not entered into such an agreement.

Robert W. Strutz testified that he is the president of RWS Development, Inc., and that he never received the letter sent by Bolman. He further testified that he first received notice of the impact fees after building permits and occupancy permits had been issued and the properties had been sold to third parties. He further acknowledged that he built the properties and that he has never paid the Du Page County impact fees.

The trial court found that the word "shall" in section 6 of the ordinance (the fee "shall" be collected before the issuance of a building permit) is directory rather than mandatory and that section 20 of the ordinance provides plaintiff a remedy against defendant to collect unpaid impact fees. The court entered judgment in favor of plaintiff in the amounts of $12,336.91 and $9,051. Defendant filed a timely notice of appeal. On appeal, defendant argues that the word "shall" in section 6 of the ordinance must be considered mandatory and that plaintiff is now prohibited from collecting the fees.

■ ■ The construction of a statutory provision is a question of law. (*Maske v. Kane County Officers Electoral Board* (1992), 234 Ill. App. 3d 508, 509-10.) Therefore, we consider the issue *de novo* and need not defer to the decision of the trial court. (*Maske*, 234 Ill. App. 3d at 510.) The use of the words "shall" or "must" is usually considered mandatory. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21.) It can be construed, however, to mean "may," depending on the legislative intent. *Andrews*, 71 Ill. 2d at 21.

■ If the provision merely directs a manner of conduct or specifies the time of performance of an official duty, it is directory, absent negative language denying the performance after a specified time. (*Andrews*, 71 Ill. 2d at 21.) If, on the other hand, the conduct is prescribed to safeguard someone's rights, which rights might be injured by the failure to act within the specified time, then the language is mandatory. (*Andrews*, 71 Ill. 2d at 21.) "Thus, proper interpretation of the provision cannot simply be based on its language; it must be grounded on the 'nature, objects and the consequences which would result from construing it one way or another.'" *Andrews*, 71 Ill. 2d at 21, quoting *Carrigan v. Illinois Liquor Control Comm'n* (1960), 19 Ill. 2d 230, 233.

In *Andrews*, a group of taxpayers filed a petition for a refund of part of their 1972 real estate taxes, alleging that part of the tax was invalid because the county had failed to publish increases by July 10, 1972, the date upon which the statute stated the publication "shall

be made." (*Andrews*, 71 Ill. 2d at 16-17.) Our supreme court, citing *People v. Jennings* (1954), 3 Ill. 2d 125, 128, held that the purpose of the publication requirement was not merely for the guidance of public officers, nor was it solely for the provision of notice of the assessment to taxpayers. (*Andrews*, 71 Ill. 2d at 22.) It was also to give the taxpayer an opportunity to compare his assessment with other taxpayers in order to ascertain whether the assessment was excessive or disproportionate. The court held that the word "shall" was therefore mandatory and required strict and timely compliance. *Andrews*, 71 Ill. 2d at 22.

The ordinance in the present case requires plaintiff to collect the impact fees before the building permit is issued. The timing of the collection of the impact fees is not merely for the guidance of public officers. Collecting the impact fees before the building permit is issued not only gives developers an opportunity to build the cost of the impact fees into the prices of the completed homes, but also gives individuals building a single residence an opportunity to consider the expense before commencing construction.

In the present case, defendant had built and sold 50 homes before it received notice of the impact fees. Plaintiff's failure to act within the specified time prevented defendant from incorporating more than $21,000 into the selling prices of the homes. In light of the nature and purpose of the timing requirement and the harsh consequences that can result from plaintiff's failure to collect the fees within the specified time, we must conclude that the word "shall" in section 6 of the ordinance is mandatory and requires strict and timely compliance. See *Andrews*, 71 Ill. 2d 13.

Our conclusion is also supported by our discussion of section 6 of the ordinance in *Genuine Parts Co. v. Du Page County* (1992), 236 Ill. App. 3d 685, 689. In *Genuine Parts*, this court held that Genuine Parts was exempt from the payment of impact fees based on a provision in the statute not applicable to the present case. (*Genuine Parts*, 236 Ill. App. 3d at 688.) However, in response to an argument by Du Page County that Genuine Parts Company became liable for the payment of the fee the moment it received its building permit, we cited section 6 of the ordinance and concluded that "[n]othing in the ordinance provides that a developer has an independent obligation to determine the amount of the fee due and remit that amount in the absence of a request by the county or municipality." *Genuine Parts*, 236 Ill. App. 3d at 689.

Section 6 of the ordinance requires plaintiff to assess the transportation impact fee prior to the issuance of the building permit. The trial court therefore erred by ruling in favor of plaintiff. For

these reasons, we reverse the order of the circuit court of Du Page County entering judgment in favor of plaintiff in the amounts of $12,336.91 and $9,051.

Reversed.

McLAREN and COLWELL, JJ., concur.